456 So.2d 665 (1984)
Hubert J. NAQUIN
v.
JOHNS-MANVILLE SALES CORPORATION.
No. 83-CA-707.
Court of Appeal of Louisiana, Fifth Circuit.
August 28, 1984.
Judith A. DeFraites, Gertler & Gertler, New Orleans, for Hubert J. Naquin plaintiff-appellant.
Thomas M. Nosewicz, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Johns-Manville Sales Corporation defendant-appellee.
Before BOUTALL, CHEHARDY and DUFRESNE, JJ.
BOUTALL, Judge.
Hubert J. Naquin, a 60 year old man who was employed at Johns-Manville Marrero plant between 1950 and 1970, filed an asbestosis-related workers compensation claim on October 26, 1982. His claim was dismissed on an exception of prescription based on L.R.S. 23:1031.1(E)(a). We reverse.
In essence the exception is based upon the fact that plaintiff's claim for damages was not filed until October of 1982 and that the evidence shows that plaintiff knew or should have known that he was being treated for asbestosis by his doctor two years earlier in September, 1980. After considering the evidence presented, the court determined that the prescriptive period of six months specified in sub-paragraph (a) of paragraph (E) applies in view of the records which showed plaintiff was first seen by Dr. Martin Brown in September of 1980 and followed up by him, with a diagnosis of pneumoconiosis, indicating the presence of an occupational disease. At the same time the trial judge found that the plaintiff was still employed in strenuous activity and has never been disabled and continues to work until date of trial. However he held that the case of Crump v. Hartford Accident and Indemnity Co., 367 So.2d 300 (La.1979) was not applicable to this case. We believe this to be error.
We refer to the case of Thornell v. Payne & Keller, Inc., 442 So.2d 536 (La. App. 1st Cir.1983) in which a somewhat similar situation was presented to the court. The court considered the application *666 of the Crump case and other authorities, which had been decided under the statute as it existed prior to 1980, and applied those principles to the presently existing R.S. 23:1031.1(E).[1] It was noted that the statute is not written so that sub-paragraphs (a), (b), (c) are not separated either by the disjunctive article "or" or by the conjunctive article "and". The court held that the existence of all three are necessary for the prescriptive period of that statute to commence, and we agree entirely with that holding and the reasons upon which it is based.
The record shows that the worker in our case has been continuously employed up to the time of trial, and has been for the last number of years working at a strenuous occupation as a tractor operator, with the obligation to perform other labor strenuous jobs from time to time.
We believe it important to stress that there is a difference in the prescription applicable to proceedings in tort (see Owens v. Martin, et al., 449 So.2d 448 (La. 1984) and the statute presently under consideration in this workers compensation claim. Generally speaking, this statute points out that the claim is based upon disability, and it would indeed be an unfortunate situation if a worker's claim should be barred from assertion because of prescription before the disease manifests itself and causes disability, yet at the same time his claim be subject to dismissal on the grounds of prematurity before disability arises.
Additionally, appellant urges to us that the trial judge's conclusion was based upon doctors' reports which were timely objected to and are not admissible in evidence under the hearsay rule. We pretermit ruling upon that issue because we have decided on the controlling principles of law.
We conclude that the exceptor has not shown that the 6 months period has run from the three dates specified in sub-paragraphs (a), (b), and (c) of paragraph (E) and plaintiff's suit is not barred from proceeding.
The judgment appealed from is reversed and the exception of prescription is overruled. This matter is remanded to the trial court for such further proceedings as may be appropriate.
REVERSED.
NOTES
[1] "1031.1 Occupational disease

A. Every employee who is disabled because of the contraction of an occupational disease as herein defined, or the dependent of an employee whose death is caused by an occupational disease, as herein defined, shall be entitled to the compensation provided in this Chapter the same as if said employee received personal injury by accident arising out of and in the course of his employment.
* * * * * *
E. All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
* * *"