466 So.2d 636 (1985)
Dessie WATKINS
v.
J. RAY McDERMOTT, INC., et al.
No. 84-CA-378.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 1985.
Rehearing Denied April 17, 1985.
Joseph M. Bruno, Bruno & Bruno, New Orleans, for plaintiff-appellant, Dessie Watkins.
Harry Verlander, Jr., New Orleans, for defendant-appellee, Gretna Machine Iron Works.
*637 Christina P. Fay, Craig R. Nelson, Hulse, Nelson & Wanek, New Orleans, for defendant-appellee Clemco Industries.
Gary M. Zwain, New Orleans, for defendant-appellee, Pulmosan Safety Equipment Corp.
Thomas E. Loehn, Tom Lewis, New Orleans, for defendant-appellee Union Ins. Co.
Philippi P. St. Pee, Thomas G. Milazzo, Francipane, Regan & St. Pee, Metairie, for defendants-appellees, Charles Wall, Sr., Earl Jeansonne and Grace Bankston.
John Hantel, New Orleans, for defendants-appellees Hunt Tool Co. and Geosource, Inc.
Before BOUTALL, KLIEBERT and CURRAULT, JJ.
KLIEBERT, Judge.
This is an appeal by plaintiff, Dessie Watkins, from a judgment dismissing his claim for damages in tort, on an exception of prescription filed by one of the defendants. We affirm.
In 1981, Watkins, a sandblaster, filed suit against J. Ray McDermott, Geosource, Inc., Wall Shipyards, Inc., and their executive officers. His action was to recover damages due to his having contacted the occupational disease, namely, silicosis, as a result of inhaling silica dust during his employment by the defendants. He alleges negligence and intentional fault on the part of the defendants. The executive officers of Wall Shipyards, Inc. filed a third party demand against Clemco, the manufacturer of respiratory protective equipment allegedly used by Watkins. Clemco filed a third party demand against Pulmosan, also the manufacturer of respiratory equipment.
Prior to trial, Watkins settled his suit against McDermott, by whom he was employed between 1974 and 1980, and dismissed them from the action. Clemco and Pulmosan, subsequently joined by the executive officers of Wall Shipyards and Clemco's insurer, filed an exception of prescription. The basis for the exception was a statement made by Watkins during the taking of his deposition that during the course of a regularly scheduled company physical examination, a doctor at McDermott informed him he had silicosis. The physical examination took place about a year after plaintiff started working for McDermott. Hence, more than one year had run from the date of the physical examination to the time suit was filed.
Article 3492 of the Civil Code provides as follows:
"Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the date injury or damage is sustained."
In Owens v. Martin, 449 So.2d 448 (La. 1984), the Supreme Court held: "Since prescription cannot commence until damages are sustained, a cause of action does not accrue until that time."
Thus, where a progressive occupational disease, such as silicosis, is involved, prescription begins to run when the disease has manifested itself and the victim is aware of it.
On appeal, counsel for the plaintiff contends plaintiff was not aware of the significance of what he was told by the McDermott doctor and, since he had no pain or other difficulty, he was unaware he had sustained damages; consequently, prescription did not commence to run at that time.
The argument may have merit when prescription under the workman's compensation statute, R.S. 23:1031.1, is involved because for compensation purposes the victim must be aware he has the disease and the disease must have manifested itself sufficiently to cause a disability before prescription begins to toll. See Naquin v. Johns-Manville Sales Corporation, 456 So.2d 665 (5th Cir.1984). However, in tort only manifestation and awareness is necessary because it is not necessary for the disease to result in a disability before it is a compensable injury.
The plaintiff's testimony on which the trial court concluded the disease had manifested *638 itself and plaintiff was aware of it was as follows:
"Q Did any doctor ever tell you that you have silicosis?
A McDermott's doctor first told me.
Q Who was McDermott's doctor?
A I don't know. We had to go take a check-up every six months to a year. So they have three of them, Dr. Arthur Meyer. They told all three...
Q This was during a regular check-up that they took x-rays of your chest?
A Yes.
Q Well, were you a sandblaster/painter at McDermott from January 1974 until June of 1980. Did they tell you when you first went to work for them that you had silicosis?
A No.
Q Did they give you a check-up and x-rays when you first went to work for them?
A Um hum (affirmative response).
Q Did anybody tell you at that time that you had silicosis?
A No. I worked there for a year before they told me I had silicosis.
Q You did?
A Um hum (affirmative response).
Q So they told you you had silicosis some time in 1976?
A I guess so."
Based on this, we cannot say the trial judge erred. Accordingly, his judgment dismissing plaintiff's action is affirmed. Appellant is to pay all costs.
AFFIRMED.