WESTERFIELD, Judge.
 

 Peter Crawford, a negro stevedore, was ruptured in the course of his employment,.
 

 
 *876
 
 Pie was paid $170 as compensation, and Ms employer ceased further payment, on the ground that he had been cured. He brings this suit alleging permanent total disability, and claims $20 a week for 4.00 weeks, less the compensation he has received.
 

 The suit was originally brought against T. Smith & Sons, but, it appearing that his employer at the time of the accident was the Tampa Inter-Ocean Steamship Company, a substitution of defendants was made by agreement of counsel.
 

 There was judgment below dismissing plaintiffs demand, and he has appealed.
 

 It is admitted that Crawford suffered an inguinal hernia on May, 28, 1032, under circumstances entitling him to compensation; .but it is claimed that, following a successful operation, he was entirely cured and relieved of all further disability on July 30, 1932, up to which date compensation had been paid. On the other hand, Crawford insists that the operation did not cure his hernia, but, on the contrary, he continued to suffer thereafter and was still suffering at the date of the trial.
 

 Three doctors testified as experts, Dr. Julian • Dombard for plaintiff, and Dr. S. Goismar and Dr. E. A, .Ficklon for defendant. Their testimony is in substantial agreement and to the effect that, thoxigh the operation' which had been performed on Crawford by Dr. Geismar on Juno 1, 1932, was properly, and’ skillfully done and successful in every particular, the hernia recurred within a short while thereafter; it being explained that in something like 10 per cent, of cases of hernia there is a recurrence after an operation, no"matter how skillful the officiating surgeon may- be. . All the doctors are likewise in agreement that in Crawford’s case a recurrence was in the exact spot where the forms!' ;liernia was. It is the contention of the defendant that the second hernia referred to by the physicians as a recurrence of the former hernia was, in fact, a new hernia on the site of the old one — a new break in tiie abdominal wall in the same place. The first hernia, it is said, was entirely cured by the 'operation, and Crawford had fully recovered; in fact, he had returned to work and put in several full days with another employer in his former occupation as stevedore. It is claimed that this fact sufficiently relieved the present defendant of responsibility ; the liability, if any, for the present hernia, being with the other employer of Crawford.
 

 We cannot agree with this view of the case because it is at variance with the medical testimony. A “recurring hernia” at the same spot, as the word “recurring” signifies, is a return of a former hernia, which,- though temporarily arrested by the operation, was one of the small minority of cases in which a successful result did not follow a skillful operation. The original injury received by Crawford on May 28, 1932, is responsible for his present condition.
 

 All of the doctors testify that Crawford could be relieved by a second- operation, which, though more difficult from a surgical standpoint, would promise the same prospect of success as the original one. However, there is no contention on the part of defendant that Crawford unreasonably refused to submit to a second operation. Consequently on that point we express no opinion. See Bronson v. Harris Ice Cream Co., Inc., 150 Da. 455, 90 So. 759; Flanagan v. Sewerage & Water Board, 19 La. App. 154, 140 So. 83.
 

 It is said that Crawford is not totally and.permanently disabled because at the time of the trial he was employed by the Welfare Association in some capacity. This position is not tenable for the reason that under .the Employers’ Diability Statute (Act -No. 20 of 1914, as amended), an employee is disabled as long as his inability to pursue his customary occupation endures. See Flanagan v. Sewerage
 
 &
 
 Water Board, supra.
 

 For the reasons assigned the judgment am pealed from is reversed, and it is now ordered that there be judgment herein in favor of plaintiff, Peter Crawford, and against the defendant, Tampa Inter-Ocean' Steamship Company, Inc., in the full sum of $20- per week for 400 weeks, beginning ’May 28, 1932, subject, however, to a credit of $170; costs of both courts to be paid by appellee.
 

 Reversed.