305 So.2d 639 (1974)
George GREY, Jr.
v.
AVONDALE SERVICE FOUNDRY.
No. 6507.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
Rehearing Denied January 14, 1975.
Garrett, Carl & Roussel, Robert T. Hughes, New Orleans, for plaintiff-appellant.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Claude D. Vasser, New Orleans, for defendant-appellee.
Before SAMUEL, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
Plaintiff has appealed from a judgment dismissing his claim for Workmen's Compensation benefits based on alleged total and permanent disability.
Plaintiff had been employed by defendant from 1950 until February 13, 1973. Until 1967 he was a chipper and grinder in defendant's metal finishing shop, and from 1967 until he left defendant's employment he operated an overhead crane in the finishing shop. The atmosphere in plaintiff's place of work was heavily polluted as a result of dust, particles of sand and stone emitted by the grinding machines; metal shavings, emissions from various furnaces *640 used in the operation and even steam produced in the cooling of hot metals.
Early in 1968 plaintiff was found to have contracted silicosis which consists of fibrotic changes in the lungs resulting from inhalation of high density silicone particles in the atmosphere. Late in 1968 it was suspected that plaintiff had contracted tuberculosis, and he was treated for the disease with medication. In February, 1973, it was established to his physician's certainty that he had contracted tuberculosis as a result of which plaintiff was advised to discontinue his work.
The treating physician who was the only medical witness to testify at the trial stated that plaintiff was not disabled from his work because of silicosis but rather from tuberculosis; that silicosis does not cause tuberculosis since the latter is a deterioration of the lung tissues resulting from infection by a germ, while the former is a scarring of the lungs by silicone particles; that silicosis may progress so as to produce shortness of breath but that there was no progression of plaintiff's silicosis from the time it was first discovered early in 1968; and that he could have continued to work in the same environment had he been inflicted with silicosis alone. While the physician testified emphatically that silicosis does not cause tuberculosis, he said that silicosis "predisposes [a person] to develop tuberculosis." In answer to questions by the trial judge the physician testified as follows:
"THE COURT:
Now, as I understand it, you said that the silicosis would not cause tuberculosis, but you said something else. Didn't you say something about it giving a predisposition?
THE WITNESS:
Yes, the incident of tuberculosis occurring with people with silicosis is higher.
THE COURT:
If he didn't have the silicosis, would you say he still would have had the tuberculosis.
THE WITNESS:
Yes.
THE COURT:
The reverse wouldn't be true? It doesn't mean he would not have had it, had he not had the silicosis?
THE WITNESS:
That's right.
THE COURT:
No connection between the two, except the predisposition brought on by silicosis?
THE WITNESS:
Tuberculosis is caused by a germ. You have to have the germ. Many of us are exposed to it in life. Our body throws it off. With underlying silicosis, it permits tuberculosis germs to become established and starts growing, where somebody else just could have gotten rid of it.
In dismissing plaintiff's suit the trial judge found that it was plaintiff's tuberculosis rather than his silicosis which prevented him from returning to his work. He then said:
"Dr. Weisler, the treating physician, has testified that while the silicosis may have predisposed the plaintiff to the occurrence of tuberculosis the fact remains that tuberculosis is a germ and cannot be the result of any contamination from the elements which may cause silicosis.
"La.R.S. 23:1031.1 specifically provides: `Every employee who is disabled because of the contraction of an occupational disease * * * shall be entitled to compensation * * *' Inasmuch as (as stated above) plaintiff has not been `disabled because of the contraction of silicosis he cannot recover on that basis. Obviously, based upon the language of 23:1031.1 his disability, because of his having contracted tuberculosis, is not compensable."
The only issue to be resolved in this appeal is whether the trial judge correctly *641 interpreted the provisions of LSA-R.S. 23:1031.1 in the light of the facts and medical testimony presented in the case. It is clear that the immediate cause of plaintiff's disability was his tuberculosis and, of course, this disease is not one of those occupational diseases listed in the statute except when it is contracted by a special type of employee with which we are not concerned in the instant case, but silicosis is a listed occupational disease and under the statute plaintiff is entitled to recover if his disability is "because of the contraction of" his silicosis. If there were no causal connection whatsoever between the silicosis and plaintiff's disability which is the immediate result of his tuberculosis, his case would be susceptible of easy disposition. But it is our appreciation of the treating physician's testimony that there is a causal relationship between plaintiff's silicosis and the disability immediately resulting from his tuberculosis. While the physician made a distinction between what he called a "predisposition" and a "cause," his explanation that a person with silicosis is more apt to contract tuberculosis because his natural resistance to the tuberculosis germ is lowered by the silicosis leads to the conclusion that silicosis was the underlying cause of the disability which was the immediate result of the tuberculosis. Under our mandate to interpret the Workmen's Compensation statute liberally in favor of the employee, we have concluded that there is a sufficient relationship between plaintiff's silicosis, a listed occupational disease, and his ultimate disability so as to entitle him to benefits.
There is an analogy between this case and Vidrine v. New Amsterdam Casualty Company, 137 So.2d 666 (La.App.3rd Cir. 1962). There plaintiff was found to be entitled to Workmen's Compensation benefits under R.S. 23:1031 notwithstanding the defense that his disability was the result of tuberculosis rather than his industrial accident. The facts of that case were that plaintiff had become ill with pneumonitis and two days later was called in to perform his work which was strenuous and done in inclement weather. Thereafter his health declined and eventually he was forced to discontinue working and he was found to have contracted tuberculosis. In resolving the problem of coverage, the court said the following:
"There seems to be no argument that plaintiff has tuberculosis and that his condition at the present time is such that he cannot return to gainful employment within the immediate future. The pivotal question to be decided is whether the disability caused by the tuberculosis resulted from an `accident'; and more specifically, whether the occurrence or episode of August 19, 1960 was the `accident' which precipitated plaintiff's contraction of tuberculosis."
Analogous to the cited case we have here a plaintiff who is seeking compensation for a listed occupational disease, namely silicosis. It can be said that his disability from tuberculosis was caused by his silicosis and therefore covered under R.S. 23:1031.1, just as the plaintiff's disability from tuberculosis in the cited case was caused by his accident and therefore covered under R.S. 23:1031.
Defendant also filed an exception of prescription predicated on plaintiff's failure to make his claim within four months of the date of his contraction of the disease, or from the date that the disease first manifested itself as required by R.S. 23:1031.1 subd. D.
Plaintiff's petition was filed on June 19, 1973, over four months after he last worked. His physician testified that when he saw plaintiff on February 16, 1973, he thought plaintiff had tuberculosis and therefore ordered X-rays made. Not until February 22 did he know with certainty *642 that plaintiff had tuberculosis and he advised plaintiff to cease working either on February 22 or in April. In February, 1973, plaintiff delivered to his foreman a report from his physician dated February 28 in which was said that plaintiff was undergoing tests to confirm the physician's impression of tuberculosis "and it is certainly mandatory that he no longer be exposed to a dusty environment which would further irritate his lungs." Also, plaintiff's employer was furnished with the attending physician's supplementary statement on May 2, 1973, showing that he had most recently been treated on April 5, 1973, and that the plaintiff's disability had commenced on February 16 and was expected to last indefinitely. Under these circumstances we hold that the four month period began on February 22 at the earliest, when the physician advised plaintiff to discontinue his work since that is the date on which the disease of silicosis manifested itself as a disabling disease, i.e., with disability immediately resulting from tuberculosis but ultimately caused by silicosis. Furthermore, the notices to the employer had the effect of interrupting the four month prescription. In these respects this case is much like Bernard v. Louisiana Wild Life and Fisheries Commission, 152 So.2d 114 (La.App.3rd Cir. 1963), where it was held that an employee who contracted pneumonitis in 1958 was terminated as an employee on March 1, 1961, notified his employer of the nature and extent of his illness on April 17, 1961, and did not file suit until August 22, 1961, had not suffered his claim to prescribe under R.S. 23:1031.1, subd. D.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment in favor of plaintiff, George Grey, Jr. and against defendant, Avondale Service Foundry, awarding him benefits for total and permanent disability in the amount of sixty-five (65%) percent of his wages for five hundred (500) weeks beginning February 13, 1973, subject to the provisions of the law with respect to maximum payments of $49.00 per week.
Reversed and rendered.
SAMUEL, J., dissents with written reasons.
SAMUEL, Judge (dissenting).
Plaintiff's silicosis was discovered in 1968 solely as a result of x-rays taken by Dr. Weisler, his treating physician, in connection with blood pressure and heart examinations performed because of a heart attack suffered four years previously. He had no symptoms of silicosis, did not require treatment for that disease, and only was advised that he should avoid further exposure. At that time he was employed as a crane operator and there has been no further exposure. The silicosis is not disabling; it has remained dormant and has not progressed radiographically or symptomatically. The tuberculosis was confirmed in early 1973. It is the tuberculosis alone which is disabling.
The evidence establishes that a person with silicosis is more likely to contract tuberculosis than is a person without silicosis. There is no connection between the two diseases except this predisposition brought on by silicosis. The sole basis for the majority's conclusion is that plaintiff's "disability from tuberculosis was caused by his silicosis and therefore covered under R.S. 23:1031.1." I cannot agree, for it appears to me plaintiff has the burden of proving not only a predisposition, but also a causal connection between the two diseases in his case, i. e., that the predisposition to tuberculosis actually caused him to contract that disease, and here he has failed to carry that burden.
The only evidence contained in the record regarding such proof is the testimony of Dr. Weisler (the only medical evidence in the record) and his testimony, while establishing the general predisposition to tuberculosis *643 brought on by silicosis, actually negates a causal connection in this particular case. The portion of Dr. Weisler's testimony quoted in the majority opinion is the only evidence pertinent to the problem of causal connection. There, in response to the court's questions, the doctor clearly said plaintiff would have had the tuberculosis even if he had not had the silicosis.
As I would affirm the judgment appealed from, I respectfully dissent.