378 So.2d 470 (1979)
W. O. WINZOR, Plaintiff-Appellant,
v.
AUGENSTEIN CONSTRUCTION COMPANY, INC., Defendant-Appellee.
No. 7184.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1979.
Rehearing Denied November 21, 1979.
Writ Denied January 28, 1980.
*471 Newman & Fazzio, Raleigh Newman, Lake Charles, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, John S. Bradford, Lake Charles, for defendant-appellee.
Before WATSON, CUTRER and DOUCET, JJ.
CUTRER, Judge.
This is a workmen's compensation suit. W. O. Winzor seeks workmen's compensation benefits from his former employer, Augenstein Construction Company, Inc. (Augenstein). Winzor appeals from the judgment of the trial court which sustained Augenstein's exception of prescription and dismissed Winzor's suit.
The sole issue on appeal is whether Winzor gave his employer timely notice of a claim for disability arising from an alleged occupational disease and thereby interrupted the four month prescriptive period set forth in LSA-R.S. 23:1031.1 E.
W. O. Winzor was a welder by occupation with some 37 years of experience. For about 12 of these years, prior to his hospitalization, Winzor was employed by Augenstein. On October 5, 1977, Winzor, complaining of shortness of breath and coughing, entered St. Patrick's Hospital in Lake Charles for tests. A biopsy was performed and Winzor's condition was diagnosed as pulmonary fibrosis. Winzor testified that he was informed by his physicians that he would no longer be able to work as a welder due to the condition of his lungs.
While in the hospital, Winzor was visited by Gene Dennison, Winzor's job superintendent. Dennison testified that Winzor informed him that he (Winzor) had a lung disease (fibrosis) and would not be able to return to work because of the smoke and dust on the job. Dennison testified that at no point did Winzor tell him the illness was job related. Dennison, to whom reports of occupational diseases or accidents could be made, did not make a report for workmen's compensation purposes concerning Winzor's illness.
Winzor's foreman, Mancel Reeves, also visited Winzor in the hospital. Reeves testified that he was aware that Winzor was hospitalized for a lung disorder and that Winzor could not return to work as a welder due to the smoke and fumes. He was also aware that welders were exposed to toxic fumes in the course of their work. Reeves was aware that Winzor had been a welder for a long period of time. Reeves testified that Winzor did not tell him that the disease was work related.
*472 Winzor testified that he told both Dennison and Reeves that his lung disease would prevent his return to work because of the smoke and fumes involved in welding.
The record reflects that no further steps were taken by Winzor to assert his claim until October 5, 1978. On that date, Winzor filed for workmen's compensation benefits against Augenstein.
Augenstein filed an exception of prescription based on the fact that no notice of the claim was filed within four months of the date the plaintiff became aware that he had pulmonary fibrosis, as required by LSA-R.S. 23:1031.1 E.
LSA-R.S. 23:1031.1 D provides:
"All claims for disablement arising from an occupational disease are forever barred unless the employee files a claim with his employer within four months of the date of his contraction of the disease or within four months of the date that the disease first manifested itself. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein."
The trial court found that though the disease may have been work related, Winzor did not notify Augenstein within the four month period that the disease was work related. He therefore sustained the exception of prescription and dismissed the suit.
It is well settled that the workmen's compensation statute is to be liberally interpreted in favor of the employee. Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir. 1976), writs den., 332 So.2d 863 (La.1976); Grey v. Avondale Service Foundry, 305 So.2d 639 (La.App. 4th Cir. 1974); Simmons v. Liberty Mutual Insurance Company, 185 So.2d 822 (La.App. 3rd Cir. 1966). Additionally, ambiguous prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished by it. State Ex Rel. Guste v. Simoni, Heck & Associates, 331 So.2d 478 (La.1976).
It is the plaintiff's position that the trial judge erred in sustaining the exception of prescription and dismissing the suit. Plaintiff relies upon Grey v. Avondale Service Foundry, supra.
In Grey, the court held as follows:
"Plaintiff's petition was filed on June 19, 1973, over four months after he last worked. His physician testified that when he saw plaintiff on February 16, 1973, he thought plaintiff had tuberculosis and therefore ordered X-rays made. Not until February 22 did he know with certainty that plaintiff had tuberculosis and he advised plaintiff to cease working either on February 22 or in April. In February, 1973, plaintiff delivered to his foreman a report from his physician dated February 28 in which was said that plaintiff was undergoing tests to confirm the physician's impression of tuberculosis `and it is certainly mandatory that he no longer be exposed to a dusty environment which would further irritate his lungs.' Also, plaintiff's employer was furnished with the attending physician's supplementary statement on May 2,1973, showing that he had most recently been treated on April 5, 1973, and that the plaintiff's disability had commenced on February 16 and was expected to last indefinitely. Under these circumstances we hold that the four month period began on February 22 at the earliest, when the physician advised plaintiff to discontinue his work since that is the date on which the disease of silicosis manifested itself as a disabling disease, i. e., with disability immediately resulting from tuberculosis but ultimately caused by silicosis. Furthermore, the notices to the employer had the effect of interrupting the four month prescription. In these respects this case is much like Bernard v. Louisiana Wild Life and Fisheries Commission, 152 So.2d 114 (La.App. 3rd Cir. 1963), where it was held that an employee who contracted pneumonitis in 1958 was terminated as an employee on March 1, 1961, notified his employer of the nature and extent of his illness on April 17, 1961, and did not file suit until August 22, 1961, had not suffered *473 his claim to prescribe under R.S. 23:1031.1, subd. D." (Emphasis added)
We find that Grey is indistinguishable from the case at hand. Winzor timely informed his supervisors at Augenstein that he had fibrosis of the lungs and that his physician had ordered that he not return to work as a welder due to the adverse effects of the smoke and fumes encountered in welding. These supervisors were aware that welders were exposed to toxic fumes. The evidence is clear that Augenstein, through Dennison and Reeves, had notice within the required four months that Winzor had a lung disease that prevented him from returning to the environment of his work as a welder. This notice is indistinguishable from the notice in Grey where the employer was notified that the employee could not return to the dusty environment of his employment as it would adversely affect the employee's lung condition.
We conclude that the prescriptive period provided by LSA-R.S. 23:1031.1 E was interrupted when the employer received notice within the four month period, that Winzor had a lung disease which prevented him from returning to the environment of his employment. The trial court therefore erred in sustaining Augenstein's exception of prescription and in dismissing Winzor's suit.
In accordance with the above, we reverse the judgment of the trial court, the exception of prescription is overruled, and the matter is remanded for further proceedings. Costs of this appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.