393 So.2d 674 (1981)
Warren LESTER
v.
REBEL CRANE AND SERVICE COMPANY, and Insurance Company of North America.
No. 67542.
Supreme Court of Louisiana.
January 26, 1981.
Dissenting Opinion March 13, 1981.
*675 Harold L. Molaison and Associates, J. William Starr, Gretna, for plaintiff-applicant.
Robert J. Young, Jr., Young, McMahon & Levert, New Orleans, for defendants-respondents.
Dissenting Opinion March 13, 1981. See 394 So.2d 1230.
WATSON, Justice.
This is a suit for workmen's compensation benefits. The only issue is prescription.
Plaintiff, Warren Lester, was injured on June 15, 1974. Lester was in the course of his employment with Rebel Crane and Service Company, defendant, when a burglar shot him three times. One bullet penetrated the stomach and went up into the chest, collapsing the left lung. The bullet remains in the chest. Lester's colon, stomach, small bowel, liver and diaphragm were injured. After the initial surgery, a second operation was necessary.
Lester was released to return to work on August 10, 1974, but developed an incisional hernia at the abdominal operative site one month later. This hernia was repaired in September of 1974; Lester was off work approximately six weeks. Another hernia was apparent on February 26, 1975. Surgery on this second incisional hernia in the abdominal wall was performed March 25, 1975, and Lester was discharged May 20, 1975.
The next hernia was apparent on March 10, 1976, within one year of the prior surgery. The operative repair was not done until March 3, 1977. In January of 1978, another hernia appeared. Surgery was performed *676 March 30, and Lester was discharged to light duty on April 11, 1978.
After his accident, Lester received compensation benefits from the defendant insurer, Insurance Company of North America, plus a supplement from Rebel. Lester received a supplement to his compensation from September 15 through September 29, 1974, and during the week ending April 6, 1975. Lester's full salary was paid during his subsequent hospitalizations and periods of disability. It was stipulated that the wages paid were in lieu of compensation. An affidavit by J. J. Henderson, president of Rebel, states that Lester was last paid his full salary in lieu of compensation for the period from April 1 through April 20, 1978.
Lester received a letter from the insurer's agent on April 6, 1977, advising him that his workmen's compensation claim had prescribed on May 19, 1976, but the company would continue to pay the medical bills. A copy of this letter was sent to the employer. Lester testified that he asked Henderson about the letter, but Henderson told him not to worry about it because he was getting his full salary.
Suit was filed on February 28, 1979, and dismissed on defendant's exception of prescription. The trial court reasoned that any claim for the accident of June 15, 1974, had expired on June 15, 1976, under the two year period of LSA-R.S. 23:1209 [1] and, alternatively, that the suit had prescribed because one year had elapsed after the last payment of compensation benefits in April of 1975. In connection with the medical expenses, it was noted that one complete year had never elapsed in which Lester was not treated by a physician for work related injuries. The court of appeal affirmed the trial court judgment on the ground that the suit was brought more than two years from the date of the accident.
The two year prescriptive period in LSA-R.S. 23:1209 for injuries which do not manifest themselves immediately after an accident is not applicable to Lester's claim. The purpose of the legislative provision is to prevent an employee who suffers an accident with no apparent resulting injury from coming into court over two years later and claiming an injury. See Zeringue v. Liberty Mutual Insurance Company, 248 So.2d 83 (La.App. 4 Cir. 1970) writ denied 259 La. 61, 249 So.2d 203 (1971). The two year period is a legislative determination that such cases are too suspect to come within the purview of the compensation law. Here, Lester's injury was immediately apparent and he has had a succession of complications which are unquestionably accident related. Each complication has been manifest within one year of the preceding one. The employer chose to pay Lester his full salary in lieu of compensation during each recurrence. Since it was stipulated that the wages paid were in lieu of compensation, a factual determination of that question is unnecessary. Lester was discouraged from seeking workmen's compensation benefits by the continuation of his salary during periods of disability. The last wages in lieu of compensation were paid for the period ending April 20, 1978, within one year of the date of filing this suit. The payment of wages in lieu of compensation interrupted the two year prescriptive period provided in LSA-R.S. 23:1209.[2] Lester's suit has not prescribed.[3]
*677 For the foregoing reasons, the judgment sustaining defendants' exception of prescription is reversed, and the matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BLANCHE, J., dissents and will hand down reasons.
DENNIS, J., concurs with reasons.
NOTES
[1] LSA-R.S. 23:1209 provided in June of 1974 that:

"In case of personal injury (including death resulting therefrom) all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter or unless within one year after the accident proceedings have been begun as provided in Parts III and IV of this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment. Also, where the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until the expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
[2] Although the two year period has been termed peremptive and therefore not subject to interruption, this is an incorrect jurisprudential __________________________________________________ overlay on a statute with the title of "Prescription". See Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.,1973) and the Comment at 41 La.L.Rev. 220.
[3] Alternatively, it is noteworthy that LSA-R.S. 23:1221(4)(q)(iv) provides: "Recurrence of the hernia following surgery shall be considered as a separate hernia ...". Owens v. Liberty Mutual Insurance Company, 307 So.2d 313 (La., 1975), refers to this section as "self-contained", 307 So.2d 316. Each recurrence of hernia following surgery is a separate hernia for purposes of prescription. Owens, supra. The factual and legal cause of the recurrent hernias is the original accident, but a new prescriptive period begins with each recurrence. Owens, supra. Since Lester's last hernia recurrence was in January of 1978, and suit was filed within one year, on February 28, 1979, plaintiff's claim has also not prescribed under this rationale.