532 So.2d 960 (1988)
Anthony M. LATINO
v.
BINSWANGER GLASS COMPANY.
No. 88-CA-237.
Court of Appeal of Louisiana, Fifth Circuit.
October 12, 1988.
Susan M. Chehardy, C. Scott LaBarre, Gauthier, Murphy, Sherman, Chehardy & Ellis, Metairie, for plaintiff-appellant Anthony M. Latino.
Peter C. Matherne, New Orleans, for defendants-appellees Binswanger Glass Co. and Nat. Union Fire Ins. Co.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
*961 KLIEBERT, Judge.
This is a worker's compensation case. Anthony M. Latino, plaintiff-appellant, sued Binswanger Glass Company (Binswanger) and its insurance carrier, National Union Fire Insurance Company (National Union), defendants-appellees, for weekly compensation benefits, medical expenses, penalties and attorney fees. Binswanger's exception of prescription to the claim was sustained by the trial court. Latino appeals. Although the results are harsh, for the reasons assigned hereafter, we believe we have no choice other than to affirm the judgment of the trial court.
Latino was injured on the job site on April 19, 1984 when windblown metal particles entered his eye. The petition did not indicate which eye was injured. In appellate brief Latino claims the right eye; Binswanger claims the left. An accident report dated May 4, 1984, attached to a memorandum, lists the injury as a corneal abrasion to the left eye. Following the injury, he was treated on three occasions in one week by Dr. David Reiss. National Union paid all medical expenses. Latino did not miss work, nor did he file a claim for compensation benefits. Some two years later, on March 31, 1986, Latino sought treatment for severe eye irritation and blurred vision. The treating physician discovered that metal flakes in Latino's eye had rusted. Latino underwent surgery and untimely lost sight in the eye.
Latino filed a claim with the Office of Worker's Compensation on June 5, 1986 and, upon rejecting the office's recommendation, filed suit in district court on August 8, 1986. Binswanger's exception of prescription to the claim for temporary total disability benefits was sustained by the trial court.[1] On appeal Latino contends prescription on the claim for temporary total disability benefits was interrupted by the development of the injury within the statutory period and Binswanger's knowledge of the injury.
The applicable prescriptive periods for filing claims for benefits payable pursuant to LSA-R.S. 23:1221 are set forth in LSA-R.S. 23:1209 as follows:
"A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and[1] in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
B. Any claim may be filed with the director, office of worker's compensation, by delivery or by mail addressed to the office of worker's compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof."
The statute essentially divides claims into three categories, each with a separate prescriptive *962 period. The first category is composed of claims for immediately apparent injuries, which prescribe one year from the date of the accident. The second category is composed of claims arising after disability payments are discontinued, which prescribe one year from the date of the last payment, unless the claim is for supplemental earnings benefits, which prescribe in three years. The third category is composed of claims for injuries which develop some time after the accident, which prescribe one year from the date the injury develops or two years from the date of the accident, whichever comes first. The present claim falls into the third category.
The supreme court originally classified the two-year provision for developing injuries as a preemption. See Ancor v. Belden Concrete Products, Inc., 256 So.2d 122 (1971). The two-year provision has since been reclassified as prescriptive. See Lester v. Rebel Crane and Service Company, 393 So.2d 674 (La.1981). The major distinction between the two is that prescription bars the exercise of the remedy by which to enforce a substantive right, whereas peremption extinguishes the substantive right. La.C.C. Arts. 3447, 3458; Pounds v. Schori, 377 So.2d 1195 (La.1979). Moreover, in contrast with prescription, peremption may be neither interrupted nor suspended. La. C.C. Arts. 3461, 3462-72; Pounds v. Schori, supra. In the present case suit was filed over two years after the accident; thus, unless an interruption occurred, Latino's claim for benefits is untimely. None of the causes of suspension enumerated in La.C.C. Article 3469 apply in the present case.
The Louisiana Civil Code provides that prescription is interrupted by the filing of suit (Article 3462) or by acknowledgment of the right of the person against whom one had commenced to prescribe (Article 3464). The jurisprudence holds that the payment of wages in lieu of compensation interrupts the two-year period (Lester v. Rebel Crane and Service Company, supra), as does the timely filing of a tort suit when a later worker's compensation claim is brought arising from the same accident Miller v. New Orleans Home and Rehabilitation Center, 449 So.2d 133 (4th Cir. 1984), or when the employer lulls the employee into a false sense of security and thereby discourages the filing of a lawsuit. Dupaquier v. City of New Orleans, 260 La. 728, 257 So.2d 385 (1972). If prescription is interrupted, the time that has run is not counted and prescription commences to run anew from the last day of interruption. La.C.C. Art. 3466.
Latino contends the Lester decision is dispositive in the instant case. In Lester the plaintiff was discouraged from seeking benefits by continuation of his salary during periods of disability. The last wages in lieu of compensation were paid within one year of the date suit was filed. Thus, Lester was a category two case. The payments were clearly an acknowledgment of the right of the plaintiff to disability benefits. See Civil Code Article 3464. The court held that the payment of wages in lieu of compensation interrupted the two-year prescriptive period. The court also noted that the plaintiff's recurrent hernias constituted separate hernias under the compensation statute [LSA-R.S. 23:1221(4)(r)(iv) ] with a new prescriptive period beginning with each recurrence. In the present case Latino was not paid wages in lieu of compensation. Thus, the prescriptive period was not interrupted as in Lester.
The factual situation in Swearingen v. Air Products & Chemical, Inc., 481 So.2d 122 (La.1986) is closely analogous to the present. Swearingen's hip problems began with a work related fall in 1979. The condition gradually worsened. In 1982 his right hip was replaced, and he returned to work. His left hip continued to get worse, and on February 10, 1983 he left work because the condition was too painful. The left hip was replaced and he was released to return to work on July 14, 1983; however, his position had been discontinued as part of a general layoff. He was paid sick leave benefits between February 10 and July 14. Swearingen filed suit for worker's compensation on February 21, 1984. The supreme court held that the suit was barred by the two-year provision of LSA-R.S. 23:1209. In a concurring opinion Justice Lemmon noted that the sick leave benefits *963 did not constitute an acknowledgment of compensation responsibility which serves to interrupt prescription. See also Franz v. New Orleans Breakers, Ltd. Partnership, 515 So.2d 1120 (La.App. 5th Cir.1987).
Swearingen and Franz dispel Latino's proposition that the development of his injury within the two-year period, coupled with Binswanger's knowledge of the injury, interrupted the two-year prescriptive period, for such were the circumstances in both cases. LSA-R.S. 23:1209 requires that a formal claim be filed within the two-year period, and there is neither statutory nor jurisprudential support for the proposition that mere notice of an injury interrupted prescription in the present case.[2]Melancon v. Lone Star Industries, Inc., 503 So.2d 631 (4th Cir.1987) writ denied 503 So.2d 1017 (La.1987).
Although we agree with plaintiffs that the results are unduly harsh, as an intermediate appellate court, we are duty bound to follow the legislative enactments and the prior rulings of our supreme court.
Accordingly, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] The claim for medical expenses apparently remains viable as it is the subject to a longer prescriptive period. LSA-R.S. 23:1209(C) and Lester v. Southern Cas. Ins. Co., 466 So.2d 25 (La.1985) in light of Lott v. Haley, 370 So.2d 521 (La.1979).
[2] Latino contends Winzor v. Augenstein Construction Co., Inc., 378 So.2d 470 (La.App. 3rd Cir.1979) supports his position. Winzor involved proceedings under LSA-R.S. 23:1031.1 for occupational diseases. The prescripptive periods and procedural provisions differ significantly from LSA-R.S. 1209. Cases arising under LSA-R.S. 23:1031.1 are inapplicable here. See Duos v. Evangeline Parish School Board, 499 So.2d 1067 (La.App. 3rd Cir.1986).