Judgment rendered April 9, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,116-WCA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BRANDON ALLEN                                    Plaintiff-Appellant

versus

THE OTWELL COMPANY, LLC                          Defendant-Appellee

* * * * *

Appealed from the
Office of Workers' Compensation, District 1 East

Parish of Ouachita, Louisiana
Trial Court No. 22-02089

Brenza Irving Jones
Workers' Compensation Judge

* * * * *

MANNING LAW FIRM                                 Counsel for Appellant
By: Brennan R. Manning
    Bobby R. Manning

ANZELMO LAW FIRM                                 Counsel for Appellee
By: Donald J. Anzelmo

* * * * *

Before PITMAN, THOMPSON, and MARCOTTE, JJ.

MARCOTTE, J.

This workers' compensation appeal arises from the Office of Workers' Compensation, District One East, Parish of Ouachita, Judge Brenza Irving Jones presiding. Plaintiff-Appellant seeks review of the trial court's judgments granting defendant-appellee's peremptory exception of prescription and dismissing his suit with prejudice and denying plaintiff's motion for a new trial. Appellee answered the appeal seeking damages, costs, and attorney fees. For the following reasons, we amend the judgments, and, as amended, affirm.

## FACTS AND PROCEDURAL HISTORY

This case involves plaintiff's multiple hernias, which occurred as follows:

1) A left inguinal hernia (the "left hernia"), which the employee-plaintiff claimed he sustained on March 17, 2021, and was repaired on April 7, 2021.

2) A right inguinal hernia (the "right hernia"), which was discovered in July 2021 and repaired in October 2021.

3) A bilateral inguinal hernia (the "bilateral hernia"), which was discovered in November 2023 and repaired in December 2023.

On April 14, 2022, plaintiff Brandon Allen ("Allen") filed a 1008 Disputed Claim for Compensation ("1008") with the Louisiana Office of Workers' Compensation. His 1008 stated that on April 14, 2021, he was working for defendant, The Otwell Company, LLC ("Otwell"), in Sterlington, Louisiana, when he moved a slab of granite and felt a "lower stomach tear." He sought treatment at Glenwood Medical Center ("Glenwood") and Ochsner LSU Hospital. He stated that Otwell refused to pay wage or medical benefits or produce its workers' compensation insurance carrier. He sought penalties and attorney fees. Otwell filed an

answer, denied all of Allen's claims, and said that Allen sustained his injury while working for another employer and was filing a fraudulent claim against it.

On December 13, 2023, Otwell filed a peremptory exception of prescription stating that Allen's alleged injury occurred on March 17, 2021, and not on April 14, 2021, as he claimed in his 1008. Otwell attached Allen's medical records to its exception. A provider note dated March 31, 2021, stated (verbatim):

> 44 yr old male presents to the ER with a left inguinal hernia since 3/17. Patient reports he was picking up a large piece of granite and felt intense pain. Patient went to Glenwood and had a CT and [ultrasound] and was negative but was found to have a reducible left inguinal hernia. … Patient reports he was referred to our surgery clinic for April 12, but he is in intense pain.

A second provider note, dated April 7, 2021, stated that on that date Allen had a left inguinal hernia repaired. The exception was set for a hearing on March 4, 2024.

On March 1, 2024, Allen filed an opposition to Otwell's exception stating that he was injured on March 17, 2021, while moving a large slab at his workplace. He claimed he informed his employer of his injury. He was diagnosed with a left inguinal hernia, which was surgically repaired on April 7, 2021. Allen claimed that on July 31, 2021, he sought urgent medical care and was diagnosed with a right inguinal hernia. He had a surgery to correct it on October 7, 2021, at The Surgery Clinic of Northeast Louisiana ("The Surgery Clinic"). Allen then filed suit on April 14, 2022. Allen claimed that he had a recurring workplace injury and each occurrence of his hernia and subsequent treatment reset the commencement of the prescriptive period.

2

On March 4, 2024, a hearing was held on the exception. Allen's counsel, Brennan Manning ("Atty. Manning"), admitted that Allen's 1008 incorrectly stated his date of injury and that the correct date was March 17, 2021. Atty. Manning argued that Allen's injury was a developing injury, and his right hernia was related to his left hernia, but the court noted that his medical records did not state that. Atty. Manning pointed to a portion of Allen's medical records from The Surgery Clinic in which he reported to a provider (in November 2023) that he continued to have burning and swelling in his groin area, and a CT showed that he had hernias on the right and left despite previous repairs.

It appears from the record that Allen sought treatment with multiple providers and was unsuccessful in acquiring all his related medical records prior to the hearing on the exception. Atty. Manning said he was able to access some of Allen's records through MyChart, but he had difficulty obtaining the records directly from providers. He asked for a continuance to acquire proof to show that Allen reported a second injury to Otwell. The trial court did not grant a continuance.

Otwell pointed out that a provider note stated that Allen had a CT scan prior to the repair of his left hernia, which only showed a hernia on that side but did not mention a hernia on his right side. Otwell also argued that Allen's medical records did not indicate how his right hernia was sustained or that it was the result of a March 2021 accident. Otwell added that if Allen sustained a new injury, he was unable to show that he was working at Otwell when a workplace accident occurred which resulted in his right hernia. Otwell's counsel, Donald Anzelmo ("Atty. Anzelmo"), also noted that La. R.S. 23:1221 said that the recurrence of a hernia following surgery shall be

3

considered a separate hernia that had to result from a workplace injury that was promptly reported to the employer.

The trial court found that Allen's claims had prescribed, and it said that no medical records were presented to show that Allen sustained a left and right hernia from moving a slab of granite while employed with Otwell. There was no report of an injury resulting in a right hernia, and nothing presented to the court showed that Allen sought medical attention within the 30-day period for complaints. The trial court said that it was clear from the evidence that his right hernia did not occur when he suffered his work-related injury. The trial court said that the accident occurred on March 17, 2021, and the 1008 was not filed until April 14, 2022. The trial court signed a judgment in open court granting defendant's exception of prescription and dismissing plaintiff's claims with prejudice at his cost.

On March 13, 2024, Allen filed a motion for a new trial arguing that he discovered new evidence which he could not have obtained before or during the hearing on the exception. Allen stated that he acquired his medical records related to a bilateral inguinal hernia, which showed that he had a third surgery that was related to the injury that occurred during his employment with Otwell.

Otwell opposed the motion for a new trial stating that Allen did not provide the court with a basis upon which to conclude that his newly discovered evidence could not have been obtained before or during trial with the due diligence required by La. C.C.P. art. 1972. Otwell said that Allen produced medical records at the hearing on the exception which detailed his treatment for his left hernia repair, which occurred on April 7, 2021; his right hernia repair, which occurred on October 7, 2021; and his bilateral

4

hernia repair, which occurred on December 27, 2023. Otwell argued that Allen was misrepresenting to the trial court that the records noting his bilateral repair were newly discovered evidence.

Otwell again argued that La. R.S. 23:1221 provided that the recurrence of a hernia following surgery shall be considered a separate hernia. Otwell stated that Allen did not produce evidence that his separate hernia was the result of an injury which occurred in the course and scope of his employment with Otwell, that he reported the new accident to his employer, and that he was attended by a licensed physician within 30 days.

At a hearing on the motion for a new trial, Atty. Manning said that he did not have medical records about the recurrence of his client's hernias due to his client being unclear about where he had his three hernia procedures performed, which included Glenwood, P&S Surgery Center ("P&S"), and The Surgery Clinic. Atty. Manning also said that Allen did not provide him with all the text messages between him and Otwell in which he reported the recurrence of his hernia. Atty. Anzelmo pointed out that Allen provided the court with medical records from The Surgery Clinic at the hearing on the exception. Atty. Anzelmo argued that Allen still was unable to prove what was required to show that his claim had not prescribed.

The trial court agreed that Allen failed to present the evidence required to substantiate his claims under La. R.S. 23:1221. It said that Allen produced evidence that he requested records from P&S, but not Glenwood or The Surgery Clinic. The court pointed out that Allen had a year and a half to get the necessary records but failed to do so. The court agreed with Atty. Anzelmo's argument that during the hearing on the exception, Atty. Manning presented medical records from The Surgery Clinic but later

argued that he had trouble getting records from that clinic. The trial court said that it could only conclude that Allen knew where the records were but did not acquire them prior to the hearing on the exception. The trial court denied the motion for a new trial. On April 22, 2024, the trial court signed a judgment to that effect. Allen now appeals.

**DISCUSSION**

Allen assigns errors arguing that the trial court erred in granting Otwell's exception of prescription and denying his motion for a new trial. Allen argues that, while his claim may have prescribed for his left hernia, a new prescriptive period applied to his claim for the recurrence of his left hernia in November 2023. Allen contends that *Page v. Abigails*, 01-551 (La. App. 3 Cir. 10/31/01), 799 So. 2d 785, *writ denied*, 01-3165 (La. 1/25/02), 807 So. 2d 847, states that La. R.S. 23:1221(4)(r)(i) should be used to prove entitlement to a claim for compensation for a work-related hernia and not used to establish that a claim prescribed. He argues that the La. R.S. 23:1221 language regarding the recurrence of a hernia as a separately compensable hernia was added to the law to ensure that an employee's recurrent disability was covered as a later manifestation of the original injury.

Allen also asserts that his right hernia should be treated as a developmental injury that extended the prescriptive period for his claims. He claims that his right hernia was not present when he was diagnosed and treated for his left hernia. Allen says that he was not working in July 2021 when he was diagnosed with his right hernia, and because his right hernia did not manifest immediately after his accident at Otwell, it was a

6

developmental injury. Allen asks this court to reverse the rulings of the trial court.

Otwell points out that Allen admitted that he used the incorrect date on his 1008. Otwell states that the evidence Allen submitted at the hearing on the exception showed that his accident occurred on March 17, 2021, more than one year before he submitted his 1008 on April 14, 2022. Otwell also contends that Allen's 1008 only referenced his left hernia, so any alleged recurrence was not before the trial court and is not before this court. Otwell states that in his motion for a new trial, Allen claimed there was newly discovered evidence that the right hernia was a developmental injury, but he failed to introduce evidence at the hearing supporting his argument. Otwell further emphasizes that when Allen filed his 1008 in April 2022, his bilateral hernia, which was diagnosed in November 2023, had not yet occurred. At oral argument, Atty. Anzelmo said that Allen filed a second 1008 Disputed Claim for Compensation for his bilateral hernia.[1]

Otwell states that Allen attempted to raise a new cause of action at the hearing on the motion for a new trial, and he should not be allowed to amend his petition to state a different cause of action with a longer prescriptive period. Otwell reiterates that La. R.S. 23:1221 provides that the recurrence of a hernia following surgery shall be considered a separate hernia for purposes of prescription, which requires that Allen file a separate claim against it. The only claim Allen raised was for his left hernia. Otwell argues that La. R.S. 23:1209 does not apply to hernias, so Allen's right hernia cannot be a developmental injury, and Allen provided no evidence to show

---

[1] The second 1008 does not appear in the record.

7

that his right hernia was related to his left hernia. Otwell asks that this court affirm the trial court's judgments.

*Prescription*

First, the parties informed this court at oral argument that Allen has filed a second 1008 with the Louisiana Office of Workers' Compensation for his bilateral hernia. Therefore, that claim is not before this court.

Legal findings regarding a peremptory exception of prescription are subject to a *de novo* standard of review. *Succession of Tripp*, 55,496 (La. App. 2 Cir. 5/29/24), 387 So. 3d 939. To the extent that any factual determinations are made based upon presented evidence on the exception, those would be reviewed under the manifest error standard. *Id*. A new trial shall be granted, upon contradictory motion of any party, when the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial. La. C.C.P. art. 1972(2). A new trial may be granted if there is good ground therefor. La. C.C.P. art. 1973. The standard of review of a ruling on a motion for a new trial is abuse of discretion. *Criswell v. Kelley*, 54,188 (La. App. 2 Cir. 3/9/22), 335 So. 3d 483.

The prescriptive periods applicable to the filing of workers' compensation claims are found in La. R.S. 23:1209. This section provides that claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment for partial disability; or (3) one year from the time the injury develops, if not immediately manifest, but no more than two years after the accident. La. R.S. 23:1209(A)(1)-(3).

8

Allen alleges: (1) he was injured on March 17, 2021; (2) he was diagnosed with his left hernia, which was repaired on April 7, 2021; (3) in July 2021, he was diagnosed with his right hernia, which was repaired in October 2021; and (4) he filed his 1008 on April 14, 2022. His corrected 1008 indicates that Allen's claims for his left and right hernias prescribed because they were filed more than one year after his accident. However, Allen argues that his action for his right hernia had not prescribed when he filed his 1008 because it was a recurrence following the surgical repair to his left hernia or, in the alternative, his right hernia was a developmental injury.

If there is a recurrence, it causes the commencement of a new prescriptive period pursuant to La. R.S. 23:1221(4)(r)(iv). That provision states, "Recurrence of the hernia following surgery shall be considered as a separate hernia, and the provisions and limitations of this Subparagraph shall apply." One of the only two cases Allen cites, *Owens v. Liberty Mut. Ins. Co.*, 307 So. 2d 313 (La. 1975), is the leading case on the prescriptive period associated with the recurrence of a hernia; the supreme court also addressed whether a hernia may be considered a developmental injury.

In *Owens v. Liberty Mut. Ins. Co.*, *supra*, the plaintiff-employee, Owens, suffered a work-related injury in 1968 resulting in a hernia. *Id*. He had three recurrences of his hernia; following his third hernia, he filed suit for workers' compensation benefits within one year of the recurrence, but more than one year after the payment of compensation benefits and more than two years after the initial 1968 injury. *Id*. The trial court dismissed his claim as prescribed. *Id*. The court of appeal affirmed the dismissal finding that the suit was timely, but that Owens' petition did not state a cause of

action because his third recurrence did not happen while he was working for his initial employer. *Id.*

The Louisiana Supreme Court stated that the court of appeal properly disregarded as inapplicable the two-year prescriptive period for developmental injuries. *Id.* The court said that the 1968 revisions to La. R.S. 23:1221 "set forth an internally complete regulation" which regarded each recurrence of a hernia as a separately compensable hernia, if it resulted from an initial work-related injury. *Id.* at 315. Thus, a recurrent hernia is not a developmental injury subject to the two-year prescriptive period found in La. R.S. 23:1209.

The supreme court said that a recurrent hernia could be compensable by the first employer as a separate hernia under the 1968 revisions to workers' compensation law, if the recurrence was causally related to the initial work-related hernia. *Owens v. Liberty Mut. Ins. Co.*, *supra*. The supreme court held that the recurrence or aggravation of a hernia initially sustained at work is regarded as compensable and as resulting from injury by accident during the course and scope of the employment, even if the recurrence happened while the employee was working for a different employer. *Id.*

In the second case Allen cites, *Page v. Abigails*, *supra*, the plaintiff, Page, was employed by Abigails, and he alleged an injury while at work in December 1998. He sought medical treatment and was diagnosed with an inguinal hernia. *Id.* He was treated for several months, and his hernia was surgically repaired, but in November 1999, Page experienced problems with the hernia site, including persistent drainage problems and infection. *Id.*

10

Page filed suit more than one year after his December 1998 injury. *Id*. After multiple medical visits with different providers, in January 2001, he was diagnosed with a tissue suture reaction with chronic infection. *Id*. The trial court ruled that his claims had prescribed. The Third Circuit reversed and explained that the term "recurrence" means "to occur again after an interval." *Id*. at p. 5, 799 So. 2d at 788. The court then provided further context for what a "recurrence" of a hernia means:

> In *Crawford v. Tampa Inter-Ocean S.S. Co., Inc.*, 150 So. 875 (La. Ct. App. 1933), the claimant claimed that a surgical operation to cure his inguinal hernia did not cure his hernia because he continued to suffer thereafter. The doctors testified that although the surgical procedure was successful in all aspects, the hernia recurred within a short while thereafter. The court went on to explain that:
>
>> A "recurring hernia" at the same spot, as the word "recurring" signifies, is a return of a former hernia, which, though temporarily arrested by the operation, was one of the small minority of cases in which a successful result did not follow a skillful operation. *Id*. at 876.

*Page v. Abigails*, *supra* at p. 5, 799 So. 2d at 788.

The court of appeal found that Page suffered a recurrence of his hernia in November 1999 and in January 2001. The court stated:

> Prior to both of these times, Page had been released by the doctors with a stable hernia repair. However, he began to suffer problems with his hernia repair at these times. As recognized by the supreme court in *Owens* [*v. Liberty Mutual Ins. Co.*, *supra*], the purpose of the 1968 hernia provisions was to require an employee disabled by a hernia which results from a work-injury to submit to surgery, which has a great potential for success. However, there is a minor chance that the hernia will recur, so the 1968 law added to its self-contained regulation the language regarding a recurrence of hernia as a separately compensable hernia to [ensure] that the employee's recurrent disability was covered as a later-manifestation of the original injury. This is because the initial accident at work is regarded as the factual and legal cause of the subsequent recurrence and the disability consequent to it. *Id*. Naturally, a "recurrence" is not a new injury, but simply another period of incapacitation resulting from a previous injury for which the employer

11

remains liable. Page had recuperated both after his initial surgery and after the suture was removed. However, he began to experience problems that were all associated with the hernia repair. He suffered another period of incapacitation resulting from the original hernia. Page has suffered recurrences of his hernia problem, which are associated with his initial alleged injury at work.

*Page v. Abigails*, *supra* at p. 7, 799 So. 2d at 789.

The facts of Allen's case can also be compared to those found in *Lester v. Rebel Crane & Serv. Co.*, 393 So. 2d 674 (La. 1981), where the plaintiff, Lester, was injured in the course of his employment when a burglar shot him three times. Lester suffered injuries to multiple organs and required two surgeries. *Id.* Lester was released to return to work, but he developed an incisional hernia at the operative site one month later, which was repaired. *Id.* He returned to work six weeks later, but a second hernia occurred at the same site and was surgically repaired. *Id.* A third hernia was apparent within one year of the prior surgery and was surgically repaired, then a fourth hernia appeared and was also surgically repaired. *Id.* Lester received some workers' compensation benefits, but his claims were later denied as prescribed by his employer's insurance carrier. *Id.*

Lester filed suit, which was dismissed following an exception of prescription. *Id.* The trial court said that any claim for the original accident had prescribed under the two-year period of La. R.S. 23:1209 and, alternatively, that the suit had prescribed because one year had elapsed after the last payment of compensation benefits to Lester. *Id.* The court of appeal affirmed. *Id.*

The Louisiana Supreme Court reversed and found that La. R.S. 23:1209 was inapplicable to Lester's claim. *Id.* The court said that Lester's injury was immediately apparent and he had a succession of complications,

12

which were undeniably accident-related. *Id.* Each complication manifested within one year of the preceding one. *Id.*

Allen claims he was injured while working for Otwell on March 17, 2021. Allen did not file a claim until April 14, 2022, more than one year after he was injured. Therefore, on the face of the pleadings, his claims have prescribed. Allen must prove that there is an exception which entitles him to a longer prescriptive period or interrupts prescription and starts the running of a new prescriptive period. The supreme court in *Owens v. Liberty Mut. Ins. Co.*, *supra*, and *Lester v. Rebel Crane & Serv. Co.*, *supra*, stated that the two-year prescriptive period for developing injuries does not apply to hernias. Therefore, Allen cannot claim a developing injury and avail himself of the longer prescriptive period found in La. R.S. 23:1209(A)(3). Neither has Allen been paid any benefits, which would have interrupted prescription. *See* La. R.S. 23:1209(A)(2).

Allen's claim for his left hernia has prescribed. The only question that remains is whether Allen can prove he is permitted to use the exception regarding hernia recurrence, which would begin the running of a new prescriptive period for his right hernia, making his claim timely.

The facts that *Page v Abigails*, *supra*, and *Lester v. Rebel Crane & Serv. Co.*, *supra*, have in common is that the recurrence of the plaintiffs' hernias stemmed from their initial hernias. In *Page v Abigails*, *supra*, Page had complications related to his hernia's surgical site including a reaction to his sutures with infection, which later had to be surgically repaired. In *Lester v. Rebel Crane & Serv. Co.*, *supra*, Lester's recurrences of his incisional hernia were related to the first two surgeries he had after he was shot.

Allen cannot say the same about his right hernia. Allen's medical records show that he was diagnosed with a left inguinal hernia prior to March 31, 2021. He had an ultrasound and CT performed to establish his diagnosis. His medical records prior to the July 2021 diagnosis of his right hernia make no mention of his right side. His right hernia was a separate injury with a distinct surgical repair and was unrelated to his left hernia and its surgical repair. We note that Allen also mentions that he later had bilateral hernia surgery to repair hernias on his left and right sides. That further drives home the point that his left hernia and his right hernia were separate from each other, and he is unable to show that the injury he claimed resulted in his left hernia was the factual and legal cause of his right hernia.

Finding that Allen's right hernia was not a recurrence of his left hernia, we can only conclude that he either: (1) sustained his right hernia at the same time as his left (though his medical records do not reflect this), in which case his injury date was March 17, 2021, and his claim prescribed prior to the filing of his 1008; or (2) he sustained his right hernia after his left. Allen is not claiming that he injured himself a second time while working for Otwell which resulted in his right hernia. In his brief to this court, he said he was not working in July 2021 when he was diagnosed with his right hernia. Allen did not present evidence in response to Otwell's exception of prescription or in his motion for a new trial to prove that his right hernia was a recurrence of his left hernia. We find that his assignments of error have no merit and the trial court's rulings are affirmed.

*Answer to Appeal*

Otwell filed an answer requesting damages, costs, and attorney fees, claiming Allen's appeal is frivolous because it has no reasonable basis in

14

fact or law. Otwell argues that Allen knowingly filed his 1008 with the incorrect date to evade prescription and failed to submit evidence supporting his argument of a developmental injury at the hearing on the exception. Otwell contends that Allen then filed for a new trial based on newly discovered evidence but offered no explanation for why he was unable to obtain the evidence by due diligence for use at the hearing on the exception.

Otwell claims that at the hearing on the new trial, Allen referred to medical records that he never produced, and he did not introduce any evidence into the record at the hearing. Otwell claims it is entitled to relief under La. C.C.P. art. 2164. Otwell asks that this court affirm the trial court's judgment and award it damages, trial and appellate costs, and attorney fees.

Allen did not respond to Otwell's answer to the appeal.

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable. La. C.C.P. art. 2164. This provision is penal in nature and is to be strictly construed. *Fuller v. Pittard*, 55,336 (La. App. 2 Cir. 11/15/23), 374 So. 3d 345, *writ denied*, 23-01666 (La. 2/27/24), 379 So. 3d 663.

Damages for a frivolous appeal are allowed only when it is obvious that the appeal was taken solely for delay, that the appeal fails to raise a serious legal question, or that counsel is not sincere in the view of the law he advocates, even though the court is of the opinion that such a view is not meritorious. *Id.* The award of damages and attorney fees for a frivolous appeal are utilized to curtail the filing of appeals that are intended to delay

15

litigation, harass another party, or those that have no reasonable basis in fact or law. *Id.* Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. *Id.*

Allen did not seek benefits until after his claim prescribed. He then filed his 1008, on April 14, 2022, using the incorrect date of injury (April 14, 2021), which prevented his claim from prescribing by one day. It was only after Otwell filed an exception of prescription that plaintiff acknowledged that his accident occurred on March 17, 2021. The hearing on the exception occurred on March 4, 2024, nearly two years after plaintiff filed his 1008. Allen was aware that his medical records were necessary to prove his claims. However, he failed to produce those records at the hearings on Otwell's exception of prescription and on his motion for a new trial. Plaintiff did not provide any newly discovered evidence at the hearing on his motion for a new trial, even though that was the basis for his request for a new trial. At the same hearing, plaintiff claimed his right hernia was a developing injury despite jurisprudence stating that workers' compensation law about developmental injuries is inapplicable to hernias.

Allen then filed an appeal when there was clearly no legal justification for doing so. Allen's appeal is unquestionably frivolous, and Otwell is entitled to relief. Finding defendant's request for trial and appellate costs appropriate, we order Brandon Allen to pay the trial court and appellate costs. We further award defendant appellate attorney fees in the amount of $1,000. We decline to award Otwell damages.

## CONCLUSION

For the foregoing reasons, the trial court's rulings are affirmed. The judgments are amended to cast Brandon Allen with all trial and appellate

16

costs.  In addition, The Otwell Company, LLC is awarded $1,000 in attorney fees for this appeal.  Other relief sought by The Otwell Company, LLC is denied.

**AMENDED AND, AS AMENDED, AFFIRMED.**