647 So.2d 449 (1994)
Jack EDWARDS, Plaintiff-Appellant,
v.
SAWYER INDUSTRIAL PLASTICS, INC., et al., Defendant-Appellee.
No. 26320-CA.
Court of Appeal of Louisiana, Second Circuit.
December 7, 1994.
*450 Mills, Timmons & Flowers by William T. Allison, Shreveport, for appellant.
Theus, Grisham, Davis & Leigh by James Edwards, Monroe, for appellee.
Before VICTORY and STEWART, JJ., and PRICE, J. Pro Tem.
STEWART, Judge.
At issue in this workers' compensation claim is whether the employee's notification of his claim by letter to the employer was sufficient to interrupt the prescriptive period of LSA-R.S. 23:1031.1(E) concerning occupational diseases. Workers' compensation statutes are to be interpreted liberally in the employee's favor. The Hearing Officer (WCHO) erred in sustaining the exception of prescription. The judgment is reversed and the matter is remanded for further proceedings.

FACTS
Jack Edwards was employed by Sawyer Industrial Plastics, Inc. from February 4, 1990, until August 27, 1991, when he was terminated for reasons unrelated to this claim. On September 18, 1991, Edwards saw Dr. Warren A. Daniel and complained of shortness of breath and chest pains which Edwards attributed to his employment. Edwards alleges that he was exposed to toxic chemicals and fumes during the entire time he worked there. Dr. Daniel diagnosed a sinus infection. Edwards chest X-ray was clear. Edwards again saw Dr. Daniel on September 24. In an October 28 report, Dr. Daniel wrote that on September 24 Edwards still had upper respiratory problems. Dr. Daniel concluded:
I can not definitely say at this point whether his illness is related to his occupation or not, however in his description of his environment it would seem to me that it would be conducive to respiratory problems.
On October 3, Dr. Lee Roy Joyner diagnosed simple bronchitis likely related to smoking. Pulmonary function tests showed some restriction of total lung capacity. In his report, Dr. Joyner stated a history of chemical injury could be significant. Dr. Joyner opined that, although this could be job-related, it would be difficult to prove. After his examination, Dr. Joyner wrote:
It is very difficult to make a case for any industrial injury to his lungs. I get the impression that this patient may possibly have litigation in mind and certainly feels as though he may have been injured.
On March 11, 1992, Edwards wrote the following letter to the defendant:
While in your employ, at your work place, I sustained total disability for working. By means of this letter I am requesting your provision of permanent disability benefits for my work-related injury.
At LSU Medical Center on March 12, 1992, Edwards saw Dr. Robert Sarama who referred him for a consultation on toxicology. The record does not show that occurred.
On September 20, 1992, Edwards signed and mailed a formal claim to the Office of Workers' Compensation which received the document on September 24, 1992. Sawyer Industrial denied Edwards' allegations and filed an exception of prescription which was heard on September 29, 1993. The WCHO sustained the exception of prescription in a judgment signed October 29, 1993.

*451 REASONS FOR JUDGMENT

The WCHO stated that Dr. Daniel informed Edwards on September 18, 1991, that his problems may have been work-related. Since this suit was not filed until September 20, 1992, at the earliest, and Edwards' doctor informed him of a possible job connection on September 18, 1991, the action was held to be prescribed.
Edwards asserted that the occupational disease prescriptive period was extended under LSA-R.S. 23:1031.1(I) because no notice of the time limit was posted by the employer. Vernon Sawyer, the defendant, testified that the notice of the occupational disease time limit was posted over the water cooler. The WCHO noted that the record did not establish the location of the cooler or by whom it was used. Because a six-month extension for lack of adequate notice would have expired September 18, 1992, the WCHO rejected that argument.
Edwards maintained that the prescriptive period was interrupted by the March 1992 letter which he sent to Sawyer Industrial. The WCHO distinguished Grey v. Avondale Service Foundry, 305 So.2d 639 (La.App. 4th Cir.1974), where the time was interrupted when the employer received a doctor's report of an occupational illness. No physician's report was sent to Sawyer Industrial. In the WCHO's view, even if the letter interrupted prescription, a six-month period from March 11 expired September 11 making Edwards' suit untimely filed.

DISCUSSION
The hearing officer erred in finding that this matter had prescribed, even if we accept that prescription commenced on Edwards' first visit to Dr. Daniel. Edwards correctly contends that the prescriptive period was interrupted by his March 11, 1992, letter to Sawyer Industrial. According to Edwards, the general workers' compensation prescription provision, LSA-R.S. 23:1209, and its one-year time limitation have no application here, since a specific statute covers occupational diseases.
LSA-R.S. 23:1031.1(E) provides:
All claims for disability arising from an occupational disease are barred unless the employee files a claim with his employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related.
Notice filed with the compensation insurer of such employer shall constitute a claim as required herein.
The parts of the statute are construed together and the existence of all three factors is necessary for the prescriptive period to commence. As the defendant pleading prescription, Sawyer Plastics has the burden of proving the existence of all three factors. Brown v. City of Monroe, 521 So.2d 780 (La.App. 2d Cir.1988).
This statute states that a claim for occupational disease is barred unless the employee notifies the employer within six months of the disease, knowledge and disability. However, 23:1031.1(E) does not address when suit must be filed. Edwards asserts that no time limit exists for filing suit after the employer is notified of the occupational disease claim. In plaintiff's view, the specific statute, LSA-R.S. 23:1031.1(E), governs instead of the general workers' compensation prescriptive period of one year found in LSA-R.S. 23:1209. Edwards relies upon McDonald v. New Orleans Private Patrol, 569 So.2d 106 (La.App. 4th Cir.1990), which notes the well settled general rule that in conflict between general and specific statutes, the special statute prevails. Hayden v. Richland Parish School Bd., 554 So.2d 164 (La.App. 2d Cir.1989), stated:
The rules of statutory construction provide that where two statutes deal with the same subject matter, they should be harmonized if possible but if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. The jurisprudence is uniform that all statutory provisions are to be given effect whenever possible. If statutes can be reconciled by a fair and reasonable interpretation, *452 it must be done, as the repeal of a statute by implication is not favored nor to be indulged in if there is any other reasonable construction.
554 So.2d at p. 167.
In McDonald, supra, the worker retired in 1975 and died March 7, 1984. The widow's workers' compensation suit filed May 20, 1985, sought disability and death benefits. Prior to McDonald's death, the decedent's attorney had notified the employer on December 3, 1993, of McDonald's intent to seek disability benefits. Since notice was within six months of the diagnosis, the disability claim had not prescribed. Rejecting it as general, the court also declined to apply the two-year peremptive period of LSA-R.S. 23:1231 (benefits for injury causing death within two years of the accident). LSA-R.S. 23:1031.1(F) states that claims for deaths caused by occupational diseases are barred unless the claim is made with the employer within six months of death. Observing that workers' compensation statutes are to be applied liberally in favor of the employee, the court applied that specific statute and noted that the widow had notified the employer approximately one month after the death. Therefore, the death claim had not prescribed.
Marcantel v. Gulf Coast Food Stores, Inc., 300 So.2d 566 (La.App. 3rd Cir.1974), writ denied, 304 So.2d 668 (La.1974), applies both the time limitations of 23:1209 and 23:1031.1. Marcantel held that prescription for the purposes of 23:1209 began to run when Marcantel was forced to terminate her employment because of the occupational disease, dermatitis. Suit was instituted within a year of the disease manifesting itself as a disability. The court also applied 23:1031.1(D). The court found adequate and timely notice under that section because Marcantel and the insurance adjustor discussed compensation within the then four-month period for occupational disease notification. The insurer had knowledge that plaintiff was seeking compensation. The Marcantel ruling was contrasted by Juge, Louisiana Workers' Compensation, Chapter 9, which states:
If the time limitation for asserting a claim for benefits due to an occupational disease is interrupted when the employer or compensation insurer has notice of the claim, is there any time limit for the employee to file a formal suit or claim with the Office of Workers' compensation? It would appear that there is no such limit; and, if the employer does have adequate notice and wishes to controvert the claim, the employer has the right to institute proceeding and not wait for a formal claim to be filed by the employee.
Workers' compensation statutes are to be liberally interpreted in favor of the employees. Further, ambiguous prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. Winzor v. Augenstein Const. Co., Inc., 378 So.2d 470 (La. App. 3rd Cir.1979), writ denied, 379 So.2d 1103 (La.1980). Winzor does not directly address the two time periods, but suit was filed within one year. Winzor was hospitalized on October 5, 1977 with shortness of breath and coughing. Doctors diagnosed pulmonary fibrosis and told him he could no longer work as a welder. During the hospitalization, Winzor told his job superintendent that he would no longer be able to work because of smoke and dust on the job. Winzor's foreman was aware that he was hospitalized for a lung disorder and could not return to work as a welder due to smoke and fumes. The foreman stated that Winzor did not tell him the disease was work-related. Winzor filed suit October 5, 1978. The court held that the employer through its supervisory personnel received timely notice within the prescriptive period that Winzor had an occupational disease.
In the instant case, the WCHO was clearly wrong in finding that the matter had prescribed because suit was not filed within six months of Edwards' letter of notification. In Duplechain v. Gulf States Utility Company, 468 So.2d 1386 (La.App. 3rd Cir.1985), the court noted that the six-month limitation in 23:1031.1(E) did not require that suit be filed, but only that notification of the occupational disease be given to the employer.
From a liberal reading of this phrase, as we are mandated to do in interpreting the workers' compensation laws, it appears that the statute does not contemplate a *453 lawsuit against an employer but merely the notification of such employer. This interpretation is supported by another stipulation of the statute which states that the notification of the employer's compensation carrier will constitute compliance with the notification requirements of 23:1031.1. To suggest that an employee must file a lawsuit within six months of the development of his disease while the mere notification of the compensation carrier of the employer will satisfy the statute's requirements is an absurd interpretation.
LSA-R.S. 23:1031.1 and the jurisprudence require that the disease be apparent and the employee be disabled and know the disease is occupationally related. Brown v. City of Monroe, supra. In this matter Edwards asserted in his first visits to his doctor that his illness was the result of his occupation. Edwards stated he was disabled in the March 1992 letter to his employer which interrupted the prescriptive period the employer asserted had commenced with the first doctor visit. Defendant's complaints about lack of sufficient notice of occupational disease are without merit. Sawyer Industrial was put on notice that Edwards was seeking to recover for a job related disability.

CONCLUSION
Workers' compensation statutes are to be interpreted liberally in the employee's favor. Ambiguous prescription statutes are to be strictly construed against prescription and in favor of the obligation sought to be extinguished. Winzor, supra. Interpreting the statutes and jurisprudence most favorably to the claimant, we apply the specific statute, 23:1031.1, to this matter and hold that Edwards' March 11, 1992 letter to the defendant interrupted the prescription for this occupational disease claim. Therefore, the judgment that this claim had prescribed is reversed and this matter is remanded for further proceedings.
REVERSED AND REMANDED.
VICTORY, J., concurs in result.