11 DREW, J.
This court granted an application for supervisory writ filed by Sawyer Industrial Plastics, Inc. and its owners to review the trial court’s denial of the peremptory exception of prescription in this intentional tort action. Concluding that the trial court erred in ruling that a letter from Edwards to his employer claiming disability and seeking benefits interrupted prescription on Edwards’ intentional tort claim, we make the writ peremptory and reverse the trial court.

FACTS

Jack Edwards was employed by Sawyer Industrial Plastics, Inc. from February 4, 1990 until his employment was terminated on August 27, 1991. Complaining of chest pains, shortness of breath, dizziness, headaches, nausea and vomiting, all of which he attributed to his employment with Sawyer Industrial, Edwards visited Dr. Warren Daniel on September 18,1991. Dr. Daniel, a family medicine practitioner who was seeing Edwards for the first time, performed a physical examination. Dr. Daniel diagnosed Edwards as having a sinus infection. Edwards returned to Dr. Daniel on September 24, 1991. Dr. Daniel felt that Edwards still had symptoms of sinusitis and postnasal drainage. This was the last time Edwards was examined by Dr. Daniel.
On March 11, 1992, Edwards sent a letter to Sawyer Industrial stating:
While in your employ, at your work place, I sustained total disability for working. By means of this letter I am requesting your provisions of permanent disability benefits for my work-related injury.
Over six months later, on September 20, 1992, Edwards mailed a formal claim to the Office of Workers’ Compensation (“OWC”), which received the claim on September 24, 1992. Sawyer Industrial filed an exception of prescription which was sustained by the hearing officer. Reversing the hearing officer, this court held that the March 1992 letter interrupted prescription on Edwards’ occupational disease claim [La. R.S. 23:1031.1]. Edwards v. Sawyer Indus. Plastics, Inc., 26,320 (La.App.2d Cir.12/7/94), 647 So.2d 449.
|?On February 5, 1996, Edwards filed suit in district court against William Sawyer, Sr., William Sawyer, Jr., Sawyer Industrial Plastics, Inc. (collectively referred to as “Sawyer”) and Aetna Casualty and Surety Company. Seeking general and special damages, Edwards alleged that Sawyer intentionally exposed him to toxic substances while he was working at its manufacturing plant in West Monroe from February 4, 1990 until August 27, 1991. Edwards also alleged that he is entitled to exemplary damages due to Sawyer’s wanton and reckless disregard for public safety in the storage and handling of toxic substances. On March 12, 1998, Sawyer filed the peremptory exception of prescription. Travelers Casualty and Surety Company (“Travelers”), formerly known as Aetna, filed the peremptory exception of prescription on April 6,1998.
The trial court denied the exceptions of prescription on December 29, 1998. ' In its written ruling, the trial court stated:
The Second Circuit Court of Appeal ruled the March 1992 letter served to interrupt prescription as to the workers’ compensation claim where the plaintiffs claim for disability arose from an occupational disease. Edwards v. Sawyer Indus. Plastics, Inc., 647 So.2d 449 (La. *1234 App. 2d Cir.1994). A timely filed worker’s compensation claim acts to interrupt prescription as to a tort claim where the worker’s compensation claim is filed before the tort claim has prescribed. Here the Second Circuit held the worker’s compensation claim was timely filed because of the March 1992 notification received by the defendants. The notification date is prior to the prescriptive period date of September 18, 1992 for bringing the instant tort action.
This court granted Sawyer’s application for a supervisory writ on February 18, 1999. Travelers apparently did not apply for a supervisory writ to review the denial of its peremptory exception of prescription. We note that a motion to substitute counsel of record was filed by Travelers in the trial court on February 1, 1999 and in this court on May 21,1999.

DISCUSSION

Delictual actions are subject to a liberative prescription of one year, which Iscommences to run from the day injury or damage is sustained. La. C.C. art. 3492. When a petition reveals on its face that prescription has run, the plaintiff has the burden of establishing that the claim has not prescribed. Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206. The burden is on the plaintiff to prove suspension or interruption. Burdeaux v. Cline, 626 So.2d 1205 (La.App. 2d Cir.1993), writ denied, 93-3132 (La.2/11/94), 634 So.2d 833. Edwards alleged in his petition that prescription on his intentional tort claim was interrupted by the timely filing of his workers’ compensation claim against Sawyer Industrial Plastics, Inc. and Aetna.
Edwards was terminated from his job on August 27, 1991, the last possible date he would have been intentionally exposed to harmful substances as alleged. Recalling Edwards’ September 18, 1991 visit, Dr. Daniel testified in his deposition:
[Edwards] came in on that date complaining of shortness of breath and what he described as pain in his lungs with a deep breath. He described those symptoms as having worsened over the last several weeks and was feeling that that was secondary to his job which involved working in a plastics plant where he had been for approximately one year and seven months.
Dr. Daniel further testified in his deposition that Edwards also “claim[ed] symptoms of dizziness, headaches, nausea, vomiting. ...” According to Dr. Daniel, when he saw Edwards on September 18, 1991, Edwards attributed the symptoms he was complaining of to his work environment at the Sawyer plant. Edwards clearly had actual or constructive knowledge that he was the victim of a tort at this time. Therefore, prescription on his intentional tort claim began running no later than September 18, 1991. We note that the trial court stated in its written ruling that “[t]he notification date is prior to the prescriptive period date of September 18, 1992 for bringing the instant tort action.” Our emphasis.
Prescription is interrupted when the obligee commences action against the 14obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. A timely filed worker’s compensation suit can interrupt prescription on a tort suit. Parker v. Southern American Ins. Co., 590 So.2d 55 (La.1991). Nevertheless, once prescription has accrued, it cannot be interrupted. Masters v. Fields, 27,924 (La.App.2d Cir.1/24/96), 666 So.2d 1333. By the time Edwards mailed his formal claim to OWC on September 20, 1992, prescription had already run on his intentional tort claim. Therefore, even though his workers’ compensation claim was timely filed, it could not interrupt prescription on the already prescribed intentional tort claim.
Edwards contends that his March 1992 letter, which is a claim filed with his employer pursuant to La. R.S. 23:1031.1(E), interrupted prescription on his tort action. La. R.S. 23:1031.1(E) provides:
All claims for disability arising from an occupational disease are barred unless the employee files a claim with his *1235 employer within six months of the date that:
(a) The disease manifested itself.
(b) The employee is disabled from working as a result of the disease.
(c) The employee knows or has reasonable grounds to believe that the disease is occupationally related. Notice filed with the compensation insurer of such employer shall constitute a claim as required herein.
Edwards directs our attention to this court’s holding in Edwards v. Sawyer Indus. Plastics, Inc., supra that the letter interrupted prescription on his occupational disease claim. Edwards argues that because the interruption of prescription against one solidary obligor is effective against all solidary obligors, La. C.C. arts. 1799 and 3503, the interruption of prescription against Sawyer as employer likewise interrupted prescription against Sawyer as tortfeasor. We disagree that the letter interrupted prescription on the intentional tort claim.
The Civil Code provides two means by which liberative prescription may be interrupted. Prescription is interrupted when the obligee commences action ^against the obligor in a court of competent jurisdiction and venue. La. C.C. art. 3462. Prescription is also interrupted when “one acknowledges the right of the person against whom he has commenced to prescribe.” La. C.C. art. 3464. Edwards does not contend that prescription has been interrupted by an acknowledgment.
We conclude that while Edwards’ March 1992 letter to Sawyer complied with the mandates of La. R.S. 23:1031.1(E), which requires filing a claim with the employer, the letter does not constitute an action filed in a court as required by La. C.C. art. 3462. Therefore, the letter could not and did not interrupt prescription on the intentional tort claim.
In Maquar v. Transit Management of Southeast Louisiana, Inc., 593 So.2d 365 (La.1992), the issue before the supreme court was whether a claim filed with OWC interrupted prescription on a retaliatory discharge claim. Maquar, who was injured on October 15, 1985, received benefits for temporary total disability until returning to work on February 5, 1987. Maquar was subsequently terminated on March 8, 1988. He filed a claim for benefits and penalties with OWC on January 25, 1989. On March 7, 1989, OWC issued a certificate informing the parties that its recommendation had been rejected and advising that a suit needed to be filed in district court within 60 days. Maquar filed suit in district court on March 30, 1989, seeking benefits, attorney’s fees and penalties for his retaliatory discharge. The trial court sustained an exception of prescription on the claim for retaliatory discharge. The court of appeal affirmed the dismissal of the retaliatory discharge claim.
The supreme court recognized that at the time Maquar filed his claim, OWC had no binding adjudicatory powers, so therefore, OWC was not a court, competent or otherwise. No action had been “commenced in a court or the equivalent of a court so as to interrupt prescription on the retaliatory discharge faction under La. C.C. art. 3462.” Maquar, 593 So.2d at 367. Still, by assuming that a claim for retaliatory discharge may have been included with the claim filed with OWC and that the employer received notice of the claim within the one-year prescriptive period, the supreme court reversed the lower courts and remanded to the trial court for the taking of additional evidence on the prescription issue. In reaching this result, the supreme court reasoned:
Nevertheless, under the narrow and particular facts of the instant case, assuming that the claim filed with OWCA included a claim for retaliatory discharge and that the employer received notice of this claim, the purposes of the laws of prescription and the interruption thereof have been served. Liberative prescriptive statutes, intended to protect defendants from prejudice in preparing and conducting defenses, are to be *1236 strictly construed. [Parker v. Southern American Ins. Co., 590 So.2d 55 (La.1991)]. Here, based on the foregoing assumptions, the claim was formally filed in an official forum in accordance with a statutory procedure and the defendant employer was given notice of the claim within the one-year prescriptive period. An action was commenced in court only a few days after the one-year period and within the time period provided for workers’ compensation actions.
Maquar, 593 So.2d at 368.
We distinguish Maquar. First, Edwards’ letter was not filed in an official forum. Although filed in accordance with a statutory procedure, La. R.S. 23:1031.1(E), the letter was simply filed with his employer. Second, Edwards’ letter only stated that he sustained total disability while employed at Sawyer. The letter did not provide Sawyer with any notice of what Edwards’ alleged injuries were, much less how Edwards was allegedly injured. The letter certainly does not mention any intentional exposure to chemicals. As far as Sawyer was concerned, based on the information provided in the letter, it could have just as easily believed Edwards was alleging he had injured his back as a result of performing physical tasks. Third, the retaliatory discharge action in Maquar was filed in district court “only a few days after the one-year period and within the time period provided for workers’ compensation actions.” Maquar, 593 So.2d at 368. Our emphasis. LEdwards filed his intentional tort action nearly four years after he first sent the letter to Sawyer.
Compare Gary v. Camden Fire Ins. Co., 96-0055 (La.7/2/96), 676 So.2d 553. Gary was injured when the vehicle in which he was a passenger was hit by a school bus on March 12, 1992. Several months later, Gary’s employer began making voluntary payment of workers’ compensation benefits and medical expenses. On July 7, 1993, nearly 16 months after the wreck, Gary filed a suit for damages against the school bus driver, the school board and the school board’s auto liability insurer. In opposition to an exception of prescription, Gary pointed out that under La. R.S. 23:1209, prescription on a workers’ compensation claim is interrupted when compensation payments are made to the injured employee, and that prescription does not run until one year after the last payment of benefits. Gary argued that because benefits were still being paid when he filed his tort lawsuit, the tort claim had not prescribed because his employer and the third-party tortfeasor were solidary obligors. The supreme court disagreed, stating:
In the present case, however, no suit was filed; only voluntary workers’ compensation payments were made by the employer. Such voluntary payments are insufficient to toll prescription under [Civil Code] Article 3462 which specifically requires the filing of a lawsuit.
... There is no analogy between a lawsuit against an employer and mere claim assertion which prompts voluntary workers’ compensation payments. While the former may interrupt prescription, ... the latter simply does not.
Gary, 676 So.2d at 555, 556 (citation omitted).
Therefore, while prescription on Gary’s workers’ compensation claim may have been “interrupted” by the payment of benefits, the payment of benefits was not an interruption within the context of La. C.C. art. 3462 so as to interrupt prescription on his tort claim against a third-party tortfea-sor. Similarly, while Edwards’ letter may have been sufficient to interrupt prescription on his occupational disease claim, it did not serve to interrupt prescription on his tort claim.
[sSee also Fitzgerald v. Secretary U.S. Dept. of Vet. Affairs, 121 F.3d 203 (5th Cir.1997). Fitzgerald, alleging he was subjected to racial discrimination while employed at the Department of Veterans Affairs (“VA”) Hospital in Shreveport, filed a formal complaint of discrimination *1237 with the hospital director. The VA sent Fitzgerald a “certified offer of full relief’ which did not include any offer of compensatory damages. He turned down the offer and the VA dismissed his complaint. The EEOC affirmed the dismissal. Fitzgerald then filed suit under Title VII of the Civil Rights Act of 1964. In addition to dismissing Fitzgerald’s suit because he had failed to exhaust his administrative remedies, the district court also denied Fitzgerald’s motion to amend his complaint to include state-law claims against the pharmacist who had allegedly harassed him. The magistrate judge had recommended denial of Fitzgerald’s motion because it was filed after prescription had run. Fitzgerald argued that because the Secretary of the Department of Veterans Affairs and the pharmacist were solidary obligors, his filing of the administrative claim against the Secretary within one year of the tortious conduct interrupted prescription on his state-law claims against the pharmacist. The U.S. Fifth Circuit disagreed, stating:
[E]ven assuming, arguendo, that the Secretary and the pharmacist are soli-dary obligors, Fitzgerald points to no authority for the proposition that the fifing of an administrative complaint against the Secretary interrupts the prescription period. See La. Civ.Code art. 3462 (stating that prescription is interrupted when “the obligee commences action against the obligor, in a court of competent jurisdiction and venue” (emphasis added)).
Fitzgerald, 121 F.3d at 210.
Prescription on the intentional tort claim began running no later than September 18, 1991. While the March 1992 letter is regarded as a claim filed with the employer, it is not an action commenced in a court. The letter did not and could not serve to interrupt prescription on Edwards’ intentional tort claim. Therefore, Edwards’ intentional tort action has prescribed.
| ^DECREE
For the foregoing reasons, the ruling denying the exception of prescription filed by William Sawyer, Sr., William Sawyer, Jr. and Sawyer Industrial Plastics, Inc. is REVERSED. The writ application is PEREMPTORILY GRANTED. The action against William Sawyer, Sr., William Sawyer, Jr. and Sawyer Industrial Plastics, Inc. is DISMISSED with prejudice.