775 So.2d 588 (2000)
Jackie N. McELWEE, Plaintiff-Appellee,
v.
CITY OF BOSSIER CITY, et al., Defendant-Appellant.
No. 34,345-WCA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
Writ Denied March 9, 2001.
*589 Pettiette, Armand, Dunkelman, Woodley & Byrd by Robert A. Dunkelman, Counsel for Defendant-Appellant, City of Bossier and Midwest Employers Casualty Company.
Mayer, Smith & Roberts by Steven E. Soileau, Counsel for Plaintiff-Appellee.
Before NORRIS, C.J., and BROWN and PEATROSS, JJ.
NORRIS, Chief Judge.
The employer, City of Bossier City, appeals a judgment awarding workers' compensation indemnity benefits to the claimant, Joyce McElwee, on behalf of her late husband, Jackie N. McElwee, who had been a Bossier City fireman. Finding that the claim has prescribed, we reverse.

Factual and procedural background
Jackie McElwee was employed by the City of Bossier City as a fire fighter for 30 years; by the late 1980s he was senior assistant fire chief. In 1988 or 1989, he suffered a seizure "of unknown etiology." Never fully recovering from the effects of the seizure, he resigned his position on August 31, 1991. He promptly began receiving retirement benefits of $3,201.24 per month and never earned any wages thereafter.
In June 1996, McElwee was diagnosed with lung cancer. He notified the City of his condition and the City began paying workers' compensation medical benefits under The Fireman's Heart and Lung Act, La. R.S. 33:2582, which presumes lung disease to be an occupational disease of fire fighters. However, the chief advised the McElwees that the city would not pay indemnity benefits because McElwee had not been engaged in any occupation for wages for over four years. McElwee took no further steps to obtain indemnity benefits.
McElwee died from complications of lung cancer on September 11, 1998. The city promptly began paying his widow workers' compensation death benefits. However, on October 13, 1998 Mrs. McElwee filed the instant disputed claim, seeking benefits of $323 per week from the time her husband was diagnosed with lung cancer, June 1996, until his death.
The City filed an exception of prescription, urging that McElwee failed to file a disputed claim form within one year as required by La. R.S. 23:1209 A. At a hearing in April 1999, the WCJ ruled from the bench that Edwards v. Sawyer Indus. Plastics, 26,320 (La.App. 2 Cir. 12/7/94), 647 So.2d 449, governed the case: the occupational disease statute, R.S. 23:1031.1 E, requires only notice to the employer within six months of the date the disease manifests itself, disables the employee, or gives the employee reasonable grounds to believe the disease is work-related; the statute does not set forth an obligation to file a formal claim within one year, as is normally required by La. R.S. 23:1209 A. Since McElwee provided the requisite notice, the WCJ held the disputed claim filed over two years later was timely.
The matter proceeded to trial in November 1999; the WCJ made an oral ruling in February 2000. She found that McElwee retired "of his own volition" and was still able to work. To deny him benefits because he chose not to work would be tantamount to saying he cannot draw retirement and compensation benefits at the same time; R.S. 23:1225 "does not prohibit" dual recovery. She therefore awarded Mrs. McElwee her husband's temporary, total disability benefits at the maximum rate of $323 per week for 27 months. She denied claims for penalties and attorney fees.
The City has appealed, advancing two assignments of error: the WCJ erred in denying the exception of prescription; alternatively, the WCJ erred in basing McElwee's benefits on his wages at the onset of disability rather than at the time of retirement.

*590 Discussion

By its first assignment of error the City urges that the WCJ erred in rejecting the exception of prescription, specifically by dispensing with the requirement that the claimant file a formal claim within one year of the date that the disease manifested itself or became disabling, under R.S. 23:1209 A. The City concedes that Edwards v. Sawyer Industrial Plastics Inc., supra, upon which Mrs. McElwee and the WCJ relied, dispensed with the timely filing requirement of R.S. 23:1209 A for claims made under the Occupational Disease Statute, R.S. 23:1031.1 E. The City shows, however, that after the WCJ's decision was rendered, the Supreme Court considered and rejected the rationale of Edwards and held that occupational disease claimants, like all other compensation claimants, must also comply with the filing requirement of R.S. 23:1209 A. LaCour v. Hilti Corp., 98-2691 (La.5/18/99), 733 So.2d 1193. This argument has merit; we conclude that LaCour implicitly yet effectively overrules our decision in Edwards.
The Supreme Court noted, with this court, that R.S. 23:1031.1 E requires a claimant to notify his employer of his occupational disease claim, but is silent as to any formal filing requirement. The Supreme Court asked:
[The] question remainswhat is the time period for filing a formal disputed claim with the Office of Workers' Compensation. The argument has been made that since the legislature did not provide for a prescriptive period in the statute, then no time limit exists for filing suit after the employer is notified that the claimant has suffered an occupational disease. See Edwards, 647 So.2d at 451; Juge, La. Workers' Compensation, Issue 5 at § 9:5. Often statutes creating a cause of action contain no prescriptive period. Instead, it is determined by reference to other statutes.
The court next noted that under 23:1031.1 A, occupational disease claims are to be treated the same as personal injury arising out of and in the course of employment. Relating this to the general filing requirement of 23:1209 A, the court concluded:
Therefore, it would seem only logical to conclude that the legislature intended that the prescriptive statute of Chapter 23 apply to a claim for an occupational disease. Moreover, application of La. R.S. 23:1209 A to an occupational disease claim would prevent the filing of stale claims by the employee and give an employer an opportunity to satisfy its obligations under the Act. Hence, we conclude that the prescriptive period of La. R.S. 23:1209 A applies to claims under La. R.S. 23:1031.1.
The Fireman's Heart and Lung Act, La. R.S. 33:2581, creates a legal presumption that heart or lung disease is an occupational disease for fire fighters:
Any disease or infirmity of the heart or lungs which develops during a period of employment in the classified fire service in the state of Louisiana shall be classified as a disease or infirmity connected with employment. The employee affected, or his survivors, shall be entitled to all the rights and benefits as granted by the laws of the State of Louisiana to which one suffering an occupational disease is entitled as service connected in the line of duty, regardless of whether the fireman is on duty at the time he is stricken with the disease or infirmity. Such disease or infirmity shall be presumed, prima facie, to have developed during employment and shall be presumed, prima facie, to have been caused by or to have resulted from the nature of the work performed whenever same is manifested at any time after the first five years of employment. (Emphasis added)
In short, the Fireman's Heart and Lung Act expressly, and in precise words, subjects firemen's heart and lung claims to the provisions of the compensation act. *591 See Coats v. City of Bossier City, 31,164 (La.App. 2 Cir. 10/30/98), 720 So.2d 1281, writ denied 99-0019 (La.2/12/99), 738 So.2d 581. This imposes the obligation of filing a formal claim in accord with R.S. 23:1209 A.
In brief, Mrs. McElwee offers three theories in an effort to distinguish LaCour. First she urges that R.S. 23:1209 A applies only to "occupational diseases described in this statute" and thus does not regulate this claim. However, in light of our foregoing discussion, this argument lacks merit.
Counsel noted at oral argument that after its opinion in LaCour, the Supreme Court rendered an opinion in Edwards awarding supplemental earnings benefits, and this result is incongruous with the rationale of LaCour. Edwards v. Sawyer Indus. Plastics Inc., 99-2676 (La.6/30/00), 765 So.2d 328. However, the Supreme Court's Edwards opinion did not address issues of prescription and R.S. 23:1209 A, and is not authority for rejecting the analysis of LaCour. In sum, the Fireman's Heart and Lung Act is considered part of the compensation act and subject to the formal filing requirement of R.S. 23:1209 A.
Second, she urges that prescription was interrupted by the City's conduct which prevented her husband from availing himself of his cause of action. She suggests that the City committed fraud or ill practices. Notably, the WCJ rejected this argument, finding no fraud or ill practice on the City's part.
The concept of contra non valentem prevents the running of prescription under certain jurisprudentially defined situations.[1] Mrs. McElwee contends that the chief misled her husband by saying he could not draw both retirement and workers' compensation disability benefits. However, Mrs. McElwee stated in deposition that her husband inquired about benefits in June 1996 and was told that he would not be receiving any. R.p. 97. There is no evidence that the City suppressed the truth or lulled McElwee into any the false belief as to his right of recovery; he obviously had sufficient information to put him on notice of his cause of action. The record supports the WCJ's conclusion that no fraud, ill practice, or other element of contra non valentem applied to this case.
Third, Mrs. McElwee urges that the payment of retirement benefits interrupted prescription as to this compensation claim. She contends that the city took an offset of retirement benefits against the workers' compensation benefits to which her husband was entitled, and such an offset is illegal under R.S. 23:1125. However, the record does not reflect that the City took any offset or paid any compensation benefits to Mr. McElwee other than necessary medical expenses pursuant to R.S. 23:1203; payment of theses benefits does not affect prescription as to indemnity benefits. Love v. East Jefferson Gen. Hosp., 96 1558 (La.App. 1 Cir. 5/9/97), 693 So.2d 1245, and citations therein. This argument lacks merit.
In conclusion, we are unable to distinguish this case from LaCour, supra, and find that the procedural requirements of R.S. 23:1209 A govern claims under the Fireman's Heart and Lung Act. Mr. McElwee was diagnosed with an occupational disease in June 1996 and promptly provided notice to his employer. However, the *592 formal claim form was not filed until October 1998, more than two years after the diagnosis. The action was untimely and the judgment must be reversed.
In light of this conclusion, we pretermit any consideration of the City's second assignment of error.

Conclusion
For the reasons expressed, the judgment is REVERSED and the case is dismissed. Costs are assessed to the claimant, Joyce McElwee.
REVERSED.
NOTES
[1] "Contra non valentem" is a judicially created doctrine which applies to prevent the running of prescription when (1) there was some legal cause which prevented courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) there was some condition coupled with the contract or connected with the proceedings which prevented the plaintiff from suing or acting, (3) the defendant himself has done some act effectually to prevent the plaintiff from availing himself of his cause of action, and (4) the cause of action itself is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291.