DREW, J.
hBurnette Armstrong appeals a judgment granting the exception of prescription and dismissing her workers’ compensation claim for indemnity benefits.
We affirm.
FACTS
Burnette Armstrong injured her back and neck in a May 30, 2002, automobile accident while working as a union recruiter for the Louisiana Federation of Teachers *1136 PEG/FUSE Organizing Project (“LFT”). Armstrong received medical benefits from her employer for treatment of her injury, but continued working until July of 2008, when she underwent back surgery. She was last paid by LFT on January 2, 2009.
Armstrong filed a disputed claim for compensation against LFT and Fireman’s Fund Insurance Company. The claim was received by the Office of Workers’ Compensation on December 29, 2008. Armstrong asserted that defendants had refused to pay indemnity benefits, and that her wages were being terminated after having received them in lieu of workers’ compensation benefits.
LFT filed the exception of prescription. Armstrong argued in opposition to the exception that after the accident she continued to work and receive her full salary in lieu of receiving workers’ compensation indemnity benefits, thereby interrupting prescription on her claim for indemnity benefits.
Armstrong’s supervisor, Audrey George, testified at the hearing on the exception that Armstrong earned her salary and never received wages | ¿that she did not earn. Armstrong did not testify, but her affidavit that had been submitted with her memorandum in opposition to the exception was read into the record at the hearing.
The WCJ concluded that the claim had prescribed on its face, and that Armstrong failed to prove that prescription had been interrupted or suspended. The WCJ noted that no evidence was presented to contradict George’s testimony, and there was no evidence indicating that services rendered by Armstrong were not commensurate with the wages she received. Accordingly, the WCJ granted the exception of prescription. Armstrong has appealed.
DISCUSSION
At the time of Armstrong’s accident, La. R.S. 23:1209 provided, in part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
|sThus, under La. R.S. 23:1209(A), claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or (3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident. Jackson v. General Motors Truck Plant, 38,987 (La.App.2d Cir.10/27/04), 886 So.2d 603.
The payment to a claimant of wages in lieu of compensation interrupts prescription. Bledsoe v. Willowdale Country Club, 94-234 (La.App. 5th Cir.9/27/94), 643 So.2d 1302. “Wages in lieu of compensation” are defined as unearned wages *1137 paid to an employee after an injury, and thus if the employee actually earns the wages paid to her, they are not “wages in lieu of compensation” and do not interrupt prescription for workers’ compensation claims. See Krieg v. Krieg Bros. Tetrazzo Co., Inc., 93-1065, (La.App. 3d Cir.9/28/94), 645 So.2d 661, writ denied, 95-0152 (La.3/30/95), 651 So.2d 837.
The basic test is whether the wages paid subsequent to the injury were actually earned. The mere fact that the duties before and after the accident were similar or dissimilar, heavier or lighter, is relevant but not determinative of the issue. Heymann v. Dixie Leasing Corp., 250 So.2d 118 (La.App. 4th Cir.1971).
Although medical benefits were paid on Armstrong’s behalf, the payment of these benefits did not interrupt prescription on the claim for |4other benefits. As explained in Melancon v. Meadow Brook Rehab., 2003-1255, p. 6 (La.App. 3d Cir.4/7/04), 869 So.2d 989, 993:
The claim for medical benefits, filed nearly two years after the date of the accident, was timely. However, this claim was not timely for purposes of interrupting prescription as to claims for indemnity benefits. Because La. R.S. 23:1209 establishes different prescriptive periods for different types of workers’ compensation benefits, it can be inferred that interrupting prescription as to only one type of claim would not interrupt prescription as to every potential claim that an employee might make. If this were so, each type of benefit would have the same prescriptive period; however, they do not.
See also McElwee v. City of Bossier City, 34,345 (La.App.2d Cir.12/6/00), 775 So.2d 588, writ denied, 2001-0049 (La.3/9/01), 786 So.2d 737.
Armstrong’s job as a LFT representative was to act as the face of LFT in North Louisiana, and primarily in Lincoln, Oua-chita, and Webster Parishes, by visiting with teachers and school employees and recruiting them to join the union. She was required to make six to eight site visits a week from October to July, and ten to twelve a week during a back-to-school push.
George testified that following the 2002 accident, Armstrong performed her job just like any other LFT representative, and the same job performance was expected of her as was expected of all the other recruiters. George regarded Armstrong as a complete union representative and who was her best recruiter as she outperformed all the other recruiters. She believed that Armstrong earned her salary.
Armstrong stated in her affidavit that her last day on the active payroll for LFT was December 31, 2008, and that she received her regular salary between May 31, 2002, and December 15, 2008. She further asserted |sthat at least once a year between May 31, 2002, and December 15, 2008: (i) she was unable to perform her full duties; (ii) she was unable to go to a work site because of pain from the accident; (iii) she was unable to drive for more than four hours at a time because of pain from the accident, causing her either to fly to conventions or miss them; and (iv) she had help from her supervisor or other LFT employees when lifting. Armstrong claimed that prior to the accident, she was able to perform her full duties, was never unable to go to a job site because of pain, was able to drive for more than four hours at a time, and did not need help lifting.
George admitted that Armstrong had missed conventions in Atlanta between 2002 and 2007 because she was unable to remain in a car for a trip as far as from Monroe to Atlanta. George also lifted boxes for Armstrong if they were too heavy, although sometimes Armstrong *1138 would repackage the contents into lighter loads that she could handle.
George stated that even when Armstrong did not return to work after July of 2008, she was still paid as it was considered sick leave. Armstrong was placed on inactive status on December 31, 2008, when she had yet to return to work and LFT did not have an anticipated date of return for her.
When evidence is introduced at the hearing on the peremptory exception of prescription, the district court’s findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, 2004-0646 (La.1/19/05), 892 So.2d 1261.
The party raising the exception of prescription ordinarily bears the burden of proof at the trial of the peremptory exception. Spott v. Otis Elevator Co., 601 So.2d 1355 (La.1992). However, when prescription is evident from the face of the pleadings, the plaintiff bears the burden of showing the action has not prescribed. Id.
Armstrong was involved in the car accident in 2002. She filed her claim for compensation in 2008. Prescription was evident from the face of the claim, and the trial court was not clearly wrong in finding that Armstrong failed to establish an interruption of prescription by the payment of wages in lieu of compensation.
CONCLUSION
At Armstrong’s cost, the judgment is AFFIRMED.