STEWART, J.
| TIn this workers’ compensation action, the claimant, Machelle Alexander (hereinafter referred to as “Alexander”), appeals a judgment in favor of the defendants, Medical Staffing Network, Inc., and Travelers Property Casualty Company of America (hereinafter referred to as the “defendants” or “Medical” and/or “Travelers”), sustaining a peremptory exception of prescription. For the reasons set forth in this opinion, we affirm.
FACTS AND PROCEDURAL HISTORY
On August 5, 2010, Alexander, who was employed by Medical, injured her lower .back while assisting a doctor in lifting a patient. She was initially treated at the Willis Knighton Work Kare, and released back to work performing sedentary duty on August 10, 2010. Medical offered a position to Alexander that met her restrictions, but she did not return to work. Believing she could not perform the job due to her suffering from substantial pain, Alexander retained counsel for her workers’ compensation claim on August 16, 2010.
Alexander designated Dr. Pierce Nunley as her choice of physician. On November 4 and November 10, 2010, Traveler’s issued checks for temporary total disability (“TTD”) benefits based on comments in Dr. Nunley’s October 22, 2010, narrative report:
I had a lengthy discussion, with Mrs. Alexander about her pains. She reports even at the maximum benefit of the injections and the good core stability program while she was having her best pain relief is still was not enough pain relief to a point that she could perform a few of her normal daily home activities and certainly did not feel like she could get back to work at that continued pain level.
| ^Michelle Broome, the adjuster for Travelers, subsequently received an actual work status indicating that Alexander was released to light duty. On November 12, 2010, Broome contacted Alexander’s counsel at the time, Shawn Murray, to inform them that the two checks were issued in error, and asked that they be returned. Murray agreed, and on November 15, 2010, returned the second check that was issued on November 10, 2010. The check issued on November 4, 2010, had already been deposited in a trust account, but Murray did issue a check to Travelers on December 1, 2010, for the full amount of the original check. No other indemnity payments were issued.
On July 9, 2012, Alexander filed a disputed claim for compensation. Iii response thereto, the defendants filed a peremptory exception of prescription, or in the alternative, a motion for summary judgment on October 11, 2012. On March 16, 2013, Alexander filed an amended disputed claim for compensation, adding medical treatment as a dispute. On June 30, 2014, the defendants filed a motion for summary judgment, asserting that there is no genuine issue of material fact that prescription was not suspended or interrupted in any manner. On July 24, 2012, trial on the exception of prescription was held. On July 31, 2014, the WCJ sustained Travelers exception of prescription, dismissing Alexander’s claim.
Alexander appeals.
LAW AND DISCUSSION

Standard of Review

Factual findings in workers’ compensation cases are subject to the manifest error *389 or clearly wrong standard of appellate review. If the fact |3finder’s findings are reasonable in light of the record reviewed in its entirety, a court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/01/97), 696 So.2d 551; Gray v. Crocker, 87,688 (La.App.2d Cir.9/24/03), 855 So.2d 842. Furthermore, when factual findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the findings of trier of fact, for only the fact finder can be aware of the variations in demeanor and tone that bear so heavily on the listener’s understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840 (La.1989).

Analysis

On appeal, Alexander assigns the following specifications of error:
1. Whether the trial court committed legal error and fact error when it ruled a payment made with full knowledge of the facts of the case, received and negotiated by the claimant, was not an interruption of prescription under La. R.S. 23:1209(A)(2), when it was later alleged the payment was in “error.”
2. Whether the trial court committed legal error and fact error by holding a returned check, issued for payment in accordance with the Louisiana Workers’ Compensation Act is an “unacknowledgment” of an acknowledged debt by Travelers and acts to “uninterrupt” prescription, when there is no method under Louisiana law to “unacknowledge” a debt, and there is no procedure under Louisiana law to “uninterrupt” an interruption of prescription.
3.Whether the trial court committed legal error and fact error under La. R.S. 23:1209, against public policy of the state of Louisiana by holding prescription can be “uninterrupted,” when a payment issued by a workers’ compensation carrier for total temporary disability [4payments was “issued in error” and returned by the claimant after prescription was interrupted and the debt was acknowledged.
Alexander’s argument for these assignments of error centers upon the issue of whether the two checks issued by Travelers interrupted prescription pursuant to La. R.S. 23:1209(A). She contends that since Travelers issued two payments for TTD benefits in November 2010, she had until November 2013 to file a timely claim for SEB benefits.
La. R.S. 23:1209, which governs prescription in workers’ compensation claims, states in pertinent part:
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has.been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take *390 effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have begun within two years from the date of the accident.
Thus, under La. R.S. 23:1209(A), claims are barred unless filed: (1) within one year from the date of the accident; (2) one year from the last compensation payment for total disability or three years from the last payment of supplemental earnings benefits; or (3) one year from the time the injury develops if not immediately manifested, but no more than two years after the accident. Armstrong v. Louisiana Fed’n of Teachers PEG/FUSE Org. Project, 45,125 (La.App.2d Cir.5/19/10), 36 So.3d 1134; Jackson v. General Motors Truck Plant, 38,987 (La.App.2d Cir.10/27/04), 886 So.2d 603.
Any statute regulating the prescriptive period of a case is strictly construed against prescription and in favor of the obligation sought to be extinguished; in other words, the jurisprudence favors maintaining, as opposed to barring an action. Titus v. IHOP Restaurant, 09-951 (La.12/1/09), 25 So.3d 761; Carter v. Haygood, 04-0646 (La.1/19/05), 892 So.2d 1261. The burden of proof rests on the party asserting the exception of prescription, unless the plaintiffs claim is barred on its face, in which case the burden shifts to the plaintiff to establish an interruption of prescription. Titus, supra; Bailey v. Khoury, 04-0620 (La.1/20/05), 891 So.2d 1268.
Black’s Law dictionary defines “payment” as:
1. Performance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation. 2. The money or other valuable thing so delivered in satisfaction of an obligation.
In this case, Alexander’s injury occurred on August 5, 2010. In November 2010, Travelers issued two checks for TTD benefits in error. When Alexander’s counsel was notified of the error, he promptly returned the full amount of the checks. For reasons unknown, Alexander did not file a disputed claim for compensation until July 2012.
Broome testified that she issued two TTD checks based on Dr. Nunley’s comments in his October 22, 2010, report that Alexander | f,“certainly did not feel she can get back to work at that continued pain level.” Broome later received a work status indicating that Alexander was restricted to light duty. Broome testified that when she informed Murray of the mistake on November 12, 2010, he understood, returned the second check, and issued a check covering the full amount of the other check.
In his deposition, Murray agreed that Broome did contact him to inform him that she misread Dr. Nunley’s report. He reread Dr. Nunley’s report and found that “he [Dr. Nunley] was not deeming her TTD.” Murray further testified that he agreed that the checks were issued in error and returned the full amount:
Q: When Michelle Broome told you that the checks were issued in error, “We don’t owe this money,” were you in agreement with that? Is that why you sent the checks back?
A: Yes it was.
Murray’s act of acknowledging that the payment was made in error and returning the funds had the legal effect of making the original payment null and void, having no legal effect. Furthermore, counsel acknowledged that he knew the correct prescription date was August 5, 2011, although he never explained why the claim was never filed. Alexander is now *391 estopped from making this claim after Murray admitted that the payment should not have been made.[1]
17Following our careful review of the record in this case, we cannot conclude that Alexander received a payment pursuant to La. R.S. 23:1209. Broome discovered that Alexander was not owed TTD benefits, and Alexander returned the payments upon being notified of the error without protest. It is clear that Alexander did not accept these payments, or any subsequent payments for benefits.
The WCJ did not err in finding that Alexander’s claim had prescribed pursuant to La. R.S. 23:1209(A). In its reasons for judgment, the trial court stated:
This court is hard-pressed to find that a check which is by all accounts issued by mistake, and which is in short order voluntarily returned or reimbursed by the claimant, is anything other than a mistake. Ms. Alexander claims she is owed indemnity retroactive to the date of her accident. That claim cannot be reconciled with an assertion that a payment of such benefits was made.
The court concludes that the checks erroneously issued by the defendants and voluntarily returned or reimbursed by Ms. Alexander were not “payments” for purposes of § 1209(A)(2). The disputed claim for indemnity benefits filed more than a year after her accident was not timely. Defendants’ exception of prescription is granted and Ms. Alexander’s claim for indemnity benefits is dismissed, with prejudice and at claimant’s expense.
The WCJ was not manifestly erroneous in determining that the two checks issued in error and subsequently returned did not interrupt prescription because they were not payments pursuant to La. R.S. 23:1209(A). Accordingly, the judgment of the WCJ is affirmed.
^CONCLUSION
For the foregoing reasons, we affirm the lower court’s judgment sustaining the exception of prescription. Cost of this appeal are assessed against the plaintiff, Machelle Alexander.
AFFIRMED.
BROWN, C.J., dissents with written reasons.

. Equitable estoppel arises when one by his actions, or by his silence when he ought to speak, induces another to believe certain facts and the other relies on these facts to his prejudice. The estoppel is designed to foster justice by preventing the first party from taking a position contrary to his prior conduct. Ford Motor Co. v. St. James Bank & Trust Co., 731 F.2d 284 (5th Cir.1984); Bamber Contractors v. Morrison Eng., 385 So.2d 327 (La.App. 1st Cir. 1980).